**STATE of Missouri, Respondent,**

**v.**

**William Dane ROACH, Appellant.**

**No. 56740.**

Supreme Court of Missouri,
Division No. 1.

June 12, 1972.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Terry C. Allen, Poplar Bluff, for appellant William Dane Roach.

WELBORN, Commissioner.

By information in the Butler County Circuit Court, William Dane Roach was charged with driving while intoxicated and having had three prior convictions for that offense. § 564.440, RSMo 1969, V.A.M.S. He was found guilty by a jury and the court fixed the punishment at five years' imprisonment.

On June 28, 1970, Roach, while driving an automobile on Route 142 in Butler County, drove his auto into the rear of a truck driven by Willard Crook. Roach was arrested and charged with driving while intoxicated. He was released on bond but was rearrested July 10 on another charge. He waived preliminary hearing on the driving while intoxicated charge and an information charging the offense was filed August 13, 1970. The case was set for trial November 30. On that date de-

fendant appeared in court with his attorney who asked leave to withdraw which was granted and defendant was granted additional time to obtain an attorney.

On December 28, 1970, other counsel employed by defendant moved to remand the matter to the magistrate court for a preliminary hearing on the grounds that the attorney of record who purported to waive preliminary had not actually been employed by defendant. The motion was sustained and the matter remanded to the magistrate court on January 12, 1971. A preliminary hearing was held on January 28 and defendant was again bound over to the circuit court. On January 29, 1971, a new information was filed in the circuit court.

On March 8, 1971, defendant filed a motion to dismiss the cause, alleging that he had been incarcerated in the Butler County jail since July 10, 1970 and that he had not been brought to trial within two terms of court. The motion was overruled on March 12, on which date trial was held and defendant convicted.

■ On this appeal, appellant assigns as error the overruling of his motion to dismiss on the grounds that appellant was not brought to trial within the time prescribed by § 545.890, RSMo 1969, V.A.M.S. Section 545.890 requires in some circumstances the discharge of a person indicted and committed to prison if he is not brought to trial within two terms after the indictment is found. The Butler County Circuit Court has four terms of court (the first Mondays in January, April, July and October, § 478.297, RSMo 1969, V.A.M.S.) and therefore § 545.920 applies and extends the time for trial to three terms. However, defendant would not have been entitled to be discharged under either § 545.890 or § 545.920 because he was brought to trial before the end of the second term following the filing of the *original* information at the July, 1970 term. The term at which the information was filed is not included in the computation. State v. Lillibridge, Mo.Sup., 459 S.W.2d 288, 290[3, 4]. The October

term passed but trial in the January term was within the two-term limit. There is no need to consider the effect, insofar as the claim here is concerned, of the defendant's motion to remand for a preliminary hearing which was sustained and in fact produced a new information at the January term. See State v. Morton, Mo.Sup., 444 S.W.2d 420, 424[7, 8].

Appellant's contention is without merit and the trial court properly overruled the motion to dismiss.

■ On this appeal, appellant also advances, without citation of authority, the contention that the delay in his trial deprived him of the right to a speedy trial guaranteed by § 18(a) of Article I, Constitution of Missouri, 1945, V.A.M.S. No constitutional grounds were asserted in this regard in the trial court. The constitutional question may not be raised for the first time in this court.

Appellant also contends that the state failed to produce sufficient evidence to establish his guilt beyond a reasonable doubt. Willard Crook, the driver of the truck with which appellant collided, testified that appellant's breath smelled strongly of alcoholic beverages and that in his opinion appellant was intoxicated. Willard's father, Drexel Crook, saw the accident and went to the scene. He said that it seemed to him that defendant "might have been slightly drunk." On cross-examination, he stated that he couldn't be sure defendant was drunk and did not know how much he had to drink, but he was sure defendant had something to drink. Trooper Jones who arrived at the scene some thirty minutes after the collision testified that defendant "appeared to be intoxicated." "He seemed to be unsteady on his feet and his speech was slurred and the odor of some type of alcohol, alcoholic beverage was very strong on his breath."

■ This evidence constituted substantial evidence and was sufficient to support a finding of guilt by the jury. State v.

Campbell, Mo.Sup., 292 S.W.2d 297; State v. Chester, Mo.App., 445 S.W.2d 393, 396–397[3–5]. In passing upon this contention, this court does not weigh the state's evidence against the contrary evidence offered by the defendant. State v. Campbell, supra, 292 S.W.2d 299[5].

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

HOLMAN, P. J., SEILER, J., and STUBBS, Special Judge, concur.

BARDGETT, J., not sitting.