**KANSAS CITY, Missouri, Respondent,**

v.

**Perry L. RAMSEY, Appellant.**

**No. KCD 27499.**

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Allan J. Fanning, Kansas City, for appellant.

Aaron A. Wilson, City Atty., Louis V. Benecke, City Prosecutor, Michael L. Gatrost, Asst. City Prosecutor, Kansas City, for respondent.

Before SWOFFORD, P. J., and WELBORN and HIGGINS, Special Judges.

SWOFFORD, Presiding Judge.

The appellant was charged by the City of Kansas City with driving a motor vehicle while under the influence of intoxicating liquor. Upon an appeal from a conviction in the municipal court, he was found guilty of this charge by the court below, sitting without a jury, and was sentenced to 30 days at the Municipal Farm with probation to the Department of Community Services for a period of two years, on condition that he not drive during such probationary period. He appeals to this court.

The appellant raises four points upon which he relies and requests a reversal of this conviction. The first three of these relate basically to an attack upon the jurisdiction of the circuit court. Appellant claims that the court erred in permitting the City to reopen its case to establish that the ordinance violation occurred within the municipal corporate limits of Kansas City, Missouri after the City had rested and the appellant had moved for a judgment of acquittal on the ground of failure to establish "territorial jurisdiction". He asserts that this exposed him to double jeopardy. As an ancillary point, he asserts that under all the evidence the City failed to offer sufficient unconflicting proof to support the court's finding beyond a reasonable doubt that the violation did, in fact, occur within the corporate limits of the city.

Appellant's fourth point is that there was insufficient evidence upon which to find him guilty beyond a reasonable doubt of driving while under the influence of intoxicating liquor.

At 11:35 p. m. on October 15, 1973 Officer Fracassa was driving southbound across the Missouri River on Chouteau Bridge at about the center of the bridge. Chouteau Bridge crosses the river in a general north-south direction, carries one lane of traffic in each direction, and it was conceded at the trial that the northern city limit of Kansas City, Missouri is at approximately the center of the bridge. In other words, approximately the south half of the bridge lies within and the north half without the city corporate limits.

Fracassa testified that when he was at about the center of the bridge, he observed the appellant's automobile northbound approximately 50 to 75 yards south of him. The appellant's vehicle was observed to swerve into the west bridge railing, back across the bridge roadway and into the east bridge railing, where it came to rest. He testified that he approached the appellant's car and found appellant trying, unsuccessfully, to back his car away from the railing where it was stuck. He placed defendant

in his automobile. Within a short time, appellant was placed under arrest at the scene by Officer W. K. Owings of the Kansas City, Missouri Police Department and charged with driving under the influence.

Officer Owings testified as to the location of appellant's automobile against the east rail when he arrived at the scene; to scratch marks observed on the west and the east railings south of that point; and to damage to both sides of the vehicle. After the City was permitted to reopen its case, he testified that the north boundary line of Kansas City is the center of the Missouri River; that north of this boundary line would be the city of North Kansas City, and south of the line is Kansas City, Missouri. He was then interrogated as follows:

"Q   Where was this vehicle?

A   On the south boundary of the bridge.

Q   Kansas City, Missouri?

A   Yes."

From Officers Fracassa and Owings it was elicited that they noticed the odor of alcohol about the appellant; his speech was incoherent, confused and rambling; his gait unsteady, wobbly and staggering; his eyes glassy, staring, and the pupils dilated; and both expressed the opinion that he was under the influence of intoxicating liquor.

The appellant testified that he was suffering from a heart condition; had suffered a stroke about three years previous to this occurrence, which had affected his gait and his speech; was a diabetic; and was under medication. He stated he had consumed two beers at a place called the "East Sider" about two miles from the scene of the accident.

■   The jurisdictional points raised by the appellant are ruled against him. There was ample testimony from Officer Fracassa from which the court could find that the ordinance violation did in fact occur south of the north city limits, and therefore within, Kansas City, Missouri, a fact clearly and unequivocally established by Officer Owings when the City's case was reopened. It was not error to permit the City to reopen its case.

■   It is well settled that the trial court has broad discretion as to the order of proof and the reopening of a case. State v. Robinson, 325 S.W.2d 465, 470[6, 7] (Mo.1959). The record at bar fails to show any abuse of that discretion. The parties agreed at trial that the pertinent municipal boundary line is located at about the center of the bridge. Detective Fracassa's testimony clearly indicates that appellant's vehicle came to rest on the south, Kansas City side, of the boundary. The subsequent reopening of the State's case did nothing more than to clarify a fact which was already sufficiently established. See State v. Haun, 324 S.W.2d 679, 682[6, 7] (Mo.1959).

■   The argument in this regard was that reopening the prosecution's case violated the double jeopardy limitations of Art. 1, § 19, Constitution of Missouri, V.A.M.S., and of the common law. Our constitutional prohibition provides in relevant part: ".   . nor shall any person be put again in jeopardy of life or liberty for the same offense, after being once acquitted by a jury   . ." (Emphasis supplied). Appellant had not been acquitted when the City's case was reopened and thus this section is obviously inapplicable. Kansas City v. Henderson, 468 S.W.2d 48, 52 (Mo.1971); Kansas City v. Bott, 509 S.W.2d 42, 44 (Mo. banc 1974), and Murray v. State, 475 S.W.2d 67, 70 (Mo. 1972). Likewise, the common law rule against double jeopardy finds no application here because the municipal court conviction appealed from does not constitute a separate prior conviction, and therefore the situation involved is not one of a second conviction for the same offense. Kansas City v. Henderson, supra, at l. c. 52. See also: State v. Toombs, 326 Mo. 981, 34 S.W.2d 61 (1930).

Appellant's contention, that the evidence supplying proof of proper jurisdiction is in-

sufficient, does not bear scrutiny. The testimony in that regard has been set out previously, and, as there indicated, is sufficient both prior to the hearing of additional evidence and as supplemented by Officer Owings.

█ Lastly, appellant complains (without citation of any authority) that there was insufficient evidence upon which to base a finding that he was under the influence of intoxicating liquor. He relies upon his own testimony to the effect he was suffering from, and taking medication for, diabetes, high blood pressure, and a heart condition. Nowhere, however, is there any evidence of how these circumstances might have resulted in the abundant symptoms of intoxication observed and testified to by Officers Fracassa and Owings. The officers' testimony was substantial, *State v. Roach*, 480 S.W.2d 841 (Mo.1972); *State v. Persell*, 468 S.W.2d 719, 721[1] (Mo.App.1971), and the trial court was privileged to accept it to the exclusion of appellant's speculative inferences.

For the reasons herein stated, the judgment is affirmed.

All concur.