CITY OF TRENTON, Respondent,

v.

Michael G. LAWRENCE, Appellant.

No. KCD 28789.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

Holcomb, Spillman & Roberts, Lyle E. Spillman, Trenton, for appellant.

Jack N. Peace, Erwin L. Milne, Stockard, Andereck, Hauck, Sharp & Evans, Trenton, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Michael G. Lawrence was charged in the Trenton Municipal Court with driving while

intoxicated in violation of a city ordinance. He was found guilty and appealed to the circuit court. There, upon trial to the court, he was found guilty and a fine of $50 was assessed. After motion for new trial was overruled, he appealed to this court.

At around 10:20 P.M., September 3, 1975, Trenton police officers Jerome Bland and Delbert McKown, traveling in a police vehicle, noticed appellant's automobile leaving the intersection of 28th Street and Oklahoma Avenue in the City of Trenton. According to the officers, their attention was drawn to the vehicle when it accelerated rapidly after stopping at a stop sign at the intersection. The officers, some 500 feet away when they noticed the auto, started in pursuit of it, traveling at speeds of from 70 to 75 miles per hour for about ¾ mile. They finally overtook appellant after he had turned into the driveway at his residence.

Officer Bland got out of the police care and talked with appellant. The officer noticed that appellant had the odor of alcohol on his breath, his eyes were glassy, his face was flushed and he was unsteady on his feet. Appellant told the officer that he had been drinking at a local tavern. The officer placed appellant under arrest and took him to the police station for a Breathalyzer test. Appellant cooperated readily with the officers. A test was administered, but, because of the difficulty which the officer who administered the test had with explicating the result of the test, his testimony on the subject was stricken by the circuit court.

On the basis of the officer's testimony, supplemented by the unobjected-to testimony of the officer who observed but did not administer the Breathalyzer test that appellant "tested out eleven one-hundredths percent," the trial court made a finding of guilt. No testimony was offered on behalf of appellant.

In this court, the sole contention of appellant is that the trial court erred in finding that the evidence proved beyond a reasonable doubt that appellant was intoxicated while operating a motor vehicle.

There was substantial evidence, viewed in the light most favorable to the court's finding (*Kansas City v. Stamper*, 528 S.W.2d 767, 768[1, 2] (Mo.App.1975)), from which the trier of fact could reasonably reach the conclusion which it did. The arresting officer testified to the noticeable odor of alcohol on appellant's breath and appellant acknowledged that he had been drinking. Officer Bland testified that appellant's eyes were "glassy." Officer McKown testified that appellant was unsteady on his feet. Officer McKown expressed the opinion, based upon his observation, that appellant was intoxicated. This was substantial evidence which would permit the court to find appellant guilty beyond a reasonable doubt. *State v. Roach*, 480 S.W.2d 841, 842–843[3] (Mo.1972); *Kansas City v. Ramsey*, 525 S.W.2d 392, 394 (Mo.App.1975). Officer Bland's conclusion, in response to the question as to his opinion on appellant's state that "he was just on the borderline," does not preclude the trial court's finding. *State v. Roach*, supra. Nor is the trial court's conclusion to be rejected because the evidence failed to produce all of the indicia of intoxication, found in cases such as *Kansas City v. Douglas*, 483 S.W.2d 760 (Mo.App.1972), cited by appellant. The fact, not the degree, of intoxication is the significant fact. *State v. Chester*, 445 S.W.2d 393, 397 (Mo.App.1969). The trial court could reasonably conclude, on the basis of testimony of the officers, that appellant's ability to operate his motor vehicle was impaired, as demonstrated by his operation of his auto at an excessive speed, accompanied by spinning wheels and excessive noise.

The evidence was sufficient to permit the finding of guilt.

Judgment affirmed.

All concur.