Further, Barr's counsel now states the purpose was not to attack the competency of Williams but only to attack his credibility and ability to testify truthfully. No questions were propounded which would produce the result desired. No error is shown in sustaining the objection to this question.

The judgment is affirmed.

All concur.

**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Russell Charles WILLIAMS,**
**Defendant-Appellant.**

**No. KCD 29260.**

Missouri Court of Appeals,
Kansas City District.

April 3, 1978.

Motion for Rehearing and/or Transfer
Denied May 1, 1978.

William G. Mays, II, Public Defender, 13th Judicial Circuit, Columbia, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

■ Defendant appeals a conviction by a jury of driving a motor vehicle while intoxicated, third offense. The jury did not agree on punishment, and the court sentenced the defendant to five years in the penitentiary. Defendant raises a single issue, the sufficiency of the evidence to support the conviction. Before stating the evidence adduced, it is noted that the standard of review on an issue of sufficiency is that the evidence most favorable to the verdict is considered as well as all inferences favorable to the verdict. *State v. Roberson,* 548 S.W.2d 280 (Mo.App.1977); *State v. Oldham,* 546 S.W.2d 766 (Mo.App.1977).

The state's evidence consisted of the testimony of a police officer. That officer testified that while he was on duty traveling westbound on a two-lane highway, he observed an automobile also westbound in front of him. He observed the vehicle swerve completely into the eastbound lane, then swerve back across the westbound lane onto the gravel shoulder, and finally move back into the westbound lane. He turned on his red light following the defendant who pulled over in about a quarter of a mile. As the driver got out of his car, he stumbled and fell onto the side of the car. The officer noticed a strong odor of intoxicants. The officer then performed field sobriety tests which required the defendant to walk a straight line and to perform the finger-to-nose test. The defendant walked a straight line, but tipped forward and stumbled three times, almost falling when instructed to stop. The defendant refused to perform the finger-to-nose test and uttered an obscenity in response to the request. The officer testified that the defendant was difficult to understand because he was thick tongued, slurred of speech, and mumbled and stuttered. The officer stated that in his opinion the defendant was highly intoxicated. The defendant told the officer he had been drinking bourbon and had started drinking at noon that day. The arrest was made at approximately 9:30 p. m.

■ Defendant argues that the evidence was purely circumstantial and that it did not exclude every reasonable theory of innocence so that the evidence was insufficient to prove guilt. The evidence in this case is not circumstantial. Evidence of intoxication is not circumstantial where the fact of drunkenness was within the direct personal observation of the arresting officer. *Kansas City v. Douglas,* 483 S.W.2d 760 (Mo.App.1972). Evidence obtained by any one of the five senses is direct evidence. *State v. Scaturro,* 509 S.W.2d 491 (Mo.App. 1974). The evidence in this case is sufficient to sustain a conviction of driving while intoxicated. *City of Trenton v. Lawrence,* 548 S.W.2d 278 (Mo.App.1977); *Kansas City v. Douglas, supra.* Both of these cases find sufficiency on evidence of similar physical conditions testified to by the arresting officer. The weight and credibility of the officer's testimony was for the jury. *State v. Wright,* 476 S.W.2d 581 (Mo.1972).

Judgment of conviction is affirmed.

All concur.