**STATE of Missouri, Respondent,**

v.

**Ovid S. WALKER, Defendant.**

**No. 40861.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 4, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1979.

E. Rex Bradley, Louisiana, for defendant.

David H. Ash, Bowling Green, for respondent.

GUNN, Judge.

Defendant appeals a conviction for the offense of driving while intoxicated. The substance of his appeal is that the evidence was insufficient to establish his guilt. We affirm.

The state's evidence was presented by a state highway patrolman and a Pike County deputy sheriff. The patrolman testified that while on radar patrol he had observed a speeding pickup truck on Highway 79 and followed in pursuit accompanied by the deputy sheriff. After the patrol car's emergency lights were activated, the truck pulled off the side of the road and the defendant alighted from the driver's side. The patrolman's olfactories immediately detected the strong scent of intoxicating alcohol, and he noted that the defendant was unsteady on his feet; that his eyes were bloodshot and watery. Some manual dexterity tests were successfully performed by defendant and others only partially so. The defendant conceded that he had consumed three beers about an hour and a half earlier and admitted driving the truck. The Pike County deputy sheriff echoed all that was testified to by the patrolman, including the dexterity tests performed, defendant's physical appearance and his admission to having driven the truck. Based on past observations of intoxicated persons, the deputy testified that in his opinion the defendant was intoxicated at the time of arrest.

Defendant, who did not testify, relied on the testimony of his wife who was in the truck with him at the time of arrest. Her testimony was that as defendant had consumed three beers, she had driven the truck, which was owned by defendant's employer; that after they had been stopped, she and defendant exchanged places. However, she had not told anyone but her mother and lawyer that she—not the defendant—was the truck's operator.

■ Defendant argues that the state failed to produce sufficient evidence that he drove the truck and was intoxicated. Our review is limited to a determination whether there is sufficient evidence to support the verdict and not to determine the weight or credibility of witness testimony. *City of Kansas City v. Oxley,* 579 S.W.2d 113 (Mo. banc 1979); *State v. Williams,* 565 S.W.2d 749 (Mo.App.1978). In this case a jury chose to believe the testimony of the patrolman and the deputy rather than defendant's wife, and we discern no basis for overturning that determination.

■ Defendant tenders *State v. Kennedy,* 530 S.W.2d 479 (Mo.App.1975), as support for his theory that the state failed to establish that he was the driver of the truck. But *Kennedy* is readily distinguishable. There, no evidence was offered to indicate that the accused had ever operated an automobile in an intoxicated condition. The facts here are otherwise. Defendant was seen alighting from the driver's side immediately after stopping his vehicle and admitted operating it—a far different situation from that in *Kennedy.* There was sufficient evidence for the jury to find that the defendant had indeed been operating his truck at the time he was stopped and arrested for driving while intoxicated. *Tolen v. Missouri Dept. of Revenue,* 564 S.W.2d 601 (Mo.App.1978).

■ Defendant also argues that the testimony of the patrolman and deputy was insufficient proof of intoxication. We disagree. Missouri law is clear that intoxication may be proved by any witness who had a reasonable opportunity to observe the alleged offender. *State v. Farmer,* 548 S.W.2d 202 (Mo.App.1977). Here, as in numerous cases on similar facts, the officer's testimony provided sufficient proof of intoxication. *See: State v. Williams,* supra; *City of Trenton v. Lawrence,* 548 S.W.2d 278 (Mo.App.1977); *State v. Persell,* 468 S.W.2d 719 (Mo.App.1971); *State v. Ellsworth,* 468 S.W.2d 722 (Mo.App.1971).

■ Defendant urges this court to adopt a rule requiring the state to produce results of chemical tests as a prerequisite to proof of intoxication. Although § 564.442, RSMo

Supp. 1975,[1] attaches some evidentiary weight to results of certain chemical tests for intoxication, § 564.400, RSMo 1969, does not require proof of such tests. *State v. Farmer,* supra; *City of Trenton v. Lawrence,* supra. The testimony of the state's witnesses was sufficient proof of intoxication.

Judgment affirmed.

REINHARD and CRIST, JJ., concur.

1. In effect at the time of the offense, January 14, 1978.