STATE of Missouri,
Plaintiff-Respondent,

v.

Patricia CRAWFORD,
Defendant-Appellant.

No. 44845.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 14, 1982.

Motion for Rehearing/Transfer to
Supreme Court Denied Feb. 10, 1983.

Application to Transfer Denied
March 29, 1983.

C. Clifford Schwartz, Clayton, for defendant-appellant.

William J. Hannah, Pros. Atty., A. John DeVouton, St. Charles, for plaintiff-respondent.

GAERTNER, Judge.

A jury found appellant guilty of driving while intoxicated (first offense—a class B misdemeanor) in violation of § 577.010.-2(1)[1], and assessed her punishment at 10 days imprisonment. Thereafter, the court entered judgment accordingly from which this appeal ensued.

Appellant contends that trial court erred in giving instructions 5 and 6, in refusing to accept two verdicts in which the jury found the appellant guilty but did not assess imprisonment as a punishment, in overruling appellant's motion for a continuance, in allowing the state to endorse witnesses over her objection on the day of trial and in overruling her objections to testimony that she was intoxicated. Appellant further contends that the court erred in denying her motions for judgment of acquittal at the close of the state's case and of all the evidence.

 Viewing the evidence in the light most supportive of the verdict, as we must, State v. Nash, 621 S.W.2d 319 (Mo.App. 1981), the jury could have reasonably found the following facts: Trooper William Davis of the Missouri State Highway Patrol was driving a patrol car westwardly on the north outer road of Highway 70 about 1:30 a.m. on June 19, 1980, when he was forced off the road by an eastbound vehicle which came onto his side of the road. He pursued the vehicle which was driving very slowly. When it did not stop in response to a rotating red light and a spot light, the Officer used the public address system at which time the vehicle stopped in the middle of the roadway. Appellant was alone in the car. When appellant did not respond to the Officer's request to turn the engine off, he reached into the car, moved the gear lever into park and turned the ignition key off. Appellant had an odor of alcohol on her breath, her speech was slurred and her eyes were watery and bloodshot. She required assistance to alight from the car. She was uncoordinated and off-balance. She became hysterical and incoherent, shouting obscenities. At the scene she attempted to kick and bite Trooper Davis. At the Sheriff's office, appellant continued her unruly conduct and made threats to "get" the jobs of the officers. Asked for a phone number to be called for someone to drive her home, she gave 10 or 11 digit numbers rather than standard 7 digit numbers. Two witnesses, Trooper Davis and Deputy Sheriff Kiser, who assisted Davis at the scene of the arrest and at the Sheriff's office, over defendant's objections, were permitted to express their opinions that appellant was intoxicated. Appellant contends that these witnesses were not properly qualified and that no foundation was laid for their opinion testimony. Appellant's argument seems to be that such expressions of opinion are inadmissible unless predicated upon "substantive objective observation," which appellant equates with tests to determine intoxication.[2]

 Appellant correctly states the rule, but her equation is erroneous. "Lay wit-

---

1. All statutory references are to RSMo 1978 unless otherwise indicated.

2. In her brief, appellant refers to the administration of a breathalyzer test. The record shows that Officer Davis ran a breathalyzer test on appellant at the Sheriff's office even though the results were not submitted at trial.

The record is silent as to the reason. It is important to note, however, that Missouri Courts have never required the state to produce the results of chemical tests as a prerequisite to proof of intoxication. State v. Walker, 588 S.W.2d 726 (Mo.App.1979); State v. Farmer, 548 S.W.2d 202 (Mo.App.1977).

nesses may give an opinion on the intoxication of another if preceded by evidence of conduct and appearance observed by them to support their opinion. (citations omitted)" *State v. English*, 575 S.W.2d 761 763 (Mo.App.1978). Here, both witnesses related their personal observations of appellant's appearance, her obstreperous conduct and her manner of speech. Both testified to years of prior experience with intoxicated persons. Such testimony amply supported the court's ruling permitting their expressions of opinion as well as the denial of appellant's motions for judgment of acquittal.

Appellant assigns as error the overruling of her motion for continuance. "[A]n application for a continuance in a criminal case is addressed to the sound discretion of the trial court. (citations omitted) The appellate court will not interfere unless it clearly appears that such discretion has been abused." *State v. Oliver*, 572 S.W.2d 440, 445 (Mo.banc 1978). No such abuse appears here. The case was set for trial on June 29, 1981. Apparently on June 23, 1981, appellant's counsel mailed a written motion for continuance to the trial judge. The motion was not actually filed until the day of trial. The motion alleges that the appellant would be out of town on June 29, 1981 and that Trooper Davis would be on vacation that date. While the record and the legal file do not reflect any ruling by the trial court on this motion, it was obviously denied because trial commenced on June 29, 1981. Appellant and Davis were both present and testified.

■ Appellant now argues that she was prejudiced by the denial of her request for a continuance because she was unable to secure the attendance of a witness. No such contention was presented to the trial court either in the written motion nor orally on the record. Inability to procure a witness is mentioned for the first time in appellant's motion for a new trial, but the witness is not named, his expected testimony is not described, efforts to obtain his attendance are not set forth. Since these matters were not specifically presented to the trial court, the point has not been preserved for review here. Rule 29.11(d) V.A.M.R. Further, the motion for continuance failed to comply with the requirements of Supreme Court Rules 24.09 and 24.10 V.A.M.R. This point has no merit.

■ Appellant also contends the trial court erred in overruling her pretrial motion in limine. By this motion, appellant sought an order from the trial court precluding the testimony of any state's witnesses other than the arresting officer. Appellant argued that since his was the only name upon the traffic ticket, the state had endorsed no other witnesses. This contention is belied by the record. The trial judge noted that an endorsement of all witnesses subsequently called by the prosecution had been made on November 19, 1980, some seven months before trial.[3] Furthermore, at the first trial before an Associate Circuit Judge, the same witnesses had testified on behalf of the State. Appellant's claim of surprise is spurious.

■ Appellant also charges the trial court erred in giving Instructions 5 and 6. Instruction 5 was patterned after MAI–CR2d 31.02 and Instruction 6 after MAI–CR2d 2.60. The argument made by Appellant herein is identical to that accepted by the Supreme Court in reversing a conviction in *State v. Blake*, 620 S.W.2d 359, 361 (Mo.

---

**3.** This case, together with a related charge of Improper Lane Use, originated in a different division of the Circuit Court of St. Charles County, presided over by an Associate Circuit Judge. The memorandum containing the witness endorsement was on a single piece of paper which, in its caption, contained the file numbers of both cases. The paper was apparently lodged in the other case file folder. How-

banc 1981)[4]. There the court, characterizing the instructional problem as a "failure to inform the jury as to the total range of punishment," stated:

"Section 557.036.2 provides, in part, that:

The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict. . . .

Section 558.011.1(6) provides that confinement for a class B misdemeanor will be for 'a term not to exceed six months'; and, § 560.016.1(2) authorizes a fine 'which does not exceed . . . five hundred dollars.' Under the instructions now dictated by MAI–CR2d, the jury is not advised of nor given the latter option.

For instance, Instruction No. 5, as given, followed MAI–CR2d 31.02 (Entitled—*Driving While Intoxicated*) and advised the jury that:

If you do find the defendant guilty . . . of driving while intoxicated, *you will assess and declare the punishment at imprisonment* for a term fixed by you, but not to exceed six months.

(Emphasis added)

More disturbing than the absence of an option for the jury to assess a fine is that portion of the instruction that actually mandates that the jury declare a period of imprisonment.

The problem is two-fold. What if a fine is thought by the jury to be an adequate punishment, or conversely, what if it is thought that both imprisonment and a fine should be assessed? The only answer, regularly challenged as inadequate, must come from MAI–CR2d 2.60, which advises the jury that upon a finding of guilt, the court can (1) impose imprisonment for a term not to exceed that assessed by the jury, (2) assess a fine within the limitations of applicable stat-

utes, or (3) assess both imprisonment and a fine."

Reversing the conviction on other grounds, the court recommended, that in the retrial of that case, an addition be made to MAI–CR2d 31.02 advising the jury of its authority to recommend the court assess a fine in lieu of or in addition to any imprisonment.

Subsequently, in *State v. Van Horn,* 625 S.W.2d 874, 876 (Mo.1981), the Supreme Court affirmed a conviction in the face of the same contention asserted in *Blake* and here. The court held the statutory scheme contemplated distinct functions for the court and jury regarding sentencing:

"It thus appears that the jury may declare a punishment, which in reality is but a recommendation to the court, consisting of imprisonment for a term not to exceed seven years. We say this declaration is a recommendation because the *court* may, in its discretion, substitute for the punishment declared by the jury a term of imprisonment in the county jail, *or a term of imprisonment by the department of corrections different from but not greater than that declared by the jury.* In addition, the *court* may, in its discretion, impose a fine in lieu of, or in some cases in addition to, the imprisonment determined by the jury."

The court concluded that the modification of the punishment paragraph of MAI–CR2d Verdict Directing Pattern Instructions recommended in *Blake* was applicable only to the retrial of that case. While a modification of the *Blake* modification was directed for future cases, the court declined to reverse the conviction where the trial court had directly followed the language of the appropriate MAI–CR2d Instruction. *See also State v. Bradford,* 627 S.W.2d 281, 284 (Mo.1982); *State v. Brewer,* 630 S.W.2d 591, 598 (Mo.App.1982); *State v. Gregory,* 630 S.W.2d 607, 610 (Mo.App.1982); and *State v. Slater,* 633 S.W.2d 439, 440 (Mo.App. 1982), all of which conclude that the giving of MAI–CR2d Verdict Directing Instruc-

ever, a copy thereof had been mailed to appellant's attorney.

4. *State v. Blake* was decided September 8, 1981 after the trial of the instant case.

tions without the *Blake* or the *Van Horn* modifications in cases tried before the dates of those decisions did not constitute reversible error.

Finally, appellant insists she is entitled to a new trial because of the refusal of the trial judge to accept the first two verdicts returned by the jury. The transcript of the record reflects that the jury commenced deliberating at 10:20 a.m. At 11:50 a.m., the jury returned to the courtroom and the foreman announced that the jury had arrived at a verdict. The court examined the verdict form, told the jurors it was incomplete and directed them to re-read the instructions and complete the verdict. At 12:08 p.m., the jury returned to the courtroom, the foreman affirmed that a verdict had been reached and the court, after examining the verdict form, sent the jurors back for further deliberations with directions to read Instructions 5 and 6. At 12:21 p.m. the jury returned a verdict of guilty and assessed the punishment at 10 days imprisonment.

Neither the transcript of the record nor the legal file contain the first two verdict forms rejected by the court. However, the record reflects an affirmation by the trial court that the first verdict was "guilty with no jail term" and the second was "guilty with a fine and no imprisonment." The State does not dispute these facts.

■ In all of the cases cited above, defendants claimed to have been prejudiced by a verdict directing instruction which did not inform juries of the possibility of recommending a fine as punishment. They each contended that the absence of such information in the verdict directing instruction was not cured by MAI–CR2d 2.60. It is obvious that here the jury fully understood the entire range of punishment even under instructions later improved by modification. Rejection of the first verdict returned by the jury, finding appellant guilty with "no jail" perhaps could be justified on the grounds of vagueness. But the second, "a fine with no imprisonment," was definite, certain and clearly reflected the intent of the jury. It was in direct compliance with paragraphs Second and Third of Instruction 6, MAI–CR2d 2.60. It is the function of the court to determine the amount of the fine. § 560.026. In contrast to a term of imprisonment in first offender cases, the jury plays no role in assessing the *amount* of the fine. The trial court should have accepted the verdict, determined the appropriate fine pursuant to the standards set forth in § 560.026.1, and entered judgment accordingly.

■ In its brief, the State virtually concedes that refusal to accept this verdict was error, but argues that such error affected only the sentencing, not the jury's determination of guilt. We agree. There is no question regarding the jury's determination of guilt and this determination was amply supported by competent evidence. No other error appearing, there is no basis for requiring another trial of issues properly decided. Under these circumstances "remand for the limited purposes of resentencing is a proper curative measure." *State v. Phroper,* 619 S.W.2d 83, 90 (Mo.App.1981).

Judgment of conviction affirmed, but cause remanded for the limited purpose of resentencing consistent with this opinion.

DOWD, P.J., and SMITH, J., concur.