STATE of Missouri, Respondent,

v.

Arthur D. BLAKE, Appellant.

No. 62893.

Supreme Court of Missouri,
En Banc.

Sept. 8, 1981.

James W. Fletcher, Platte City, for appellant.

Kenneth D. Hassler, Pros. Atty., Platte City, for respondent.

MORGAN, Judge.

A jury found appellant guilty of driving while intoxicated (first offense—a class B misdemeanor) in violation of § 577.010.2(1)[1] and assessed his punishment at six months imprisonment under § 558.011.1(6) (the maximum confinement authorized for the offense charged); and thereafter, the court entered judgment accordingly from which an appeal was taken to the Western District of the Court of Appeals.

Under Rule 83.02, the Western District transferred the cause to this court by reason of its finding that Instruction No. 5, mandated by MAI–CR2d 31.02, was prejudicially erroneous in that it failed to "instruct the jury as to the range of punishment authorized by statute," as required by § 557.036.2, and specifically by not advising that assessment of a "fine" was an authorized punishment in addition to or in lieu of confinement.

The cause now being before us, we consider the same as on original appeal; and for reasons hereinafter noted, we reverse the judgment as entered and remand the cause for further proceedings.

To prove the offense charged, the state presented three law enforcement officers who testified as to appellant's erratic driving, his physical appearance and a breatha-

1. All statutory references are to RSMo.

lyzer test reflecting .17%. Appellant did not testify nor introduce any evidence, but on appeal vigorously attacks the procedure by which he was convicted.

■ First, he complains that the court erred in not sustaining appellant's request for a "continuance" because of the state's admitted failure to allow timely discovery by not disclosing material information to appellant in violation of Rule 25.32(A)—now rule 25.03(A). Relevant portions of said rule provide:

(A) Except as otherwise provided in these Rules as to protective orders, the state shall, upon written request of defendant's counsel, disclose to defendant's counsel such part of or all of the following material and information within its possession or control designated in said request:

(1) The names and last known addresses of persons whom the state intends to call as witnesses at any hearing or at the trial, together with their written or recorded statements, and existing memoranda, reporting or summarizing part or all of their oral statements;

(2) Any written or recorded statements and the substance of any oral statements made by the defendant or by a co-defendant, a list of all witnesses to the making, and a list of all witnesses to the acknowledgment, of such statements, and the last known addresses of such witnesses;

\* \* \* \* \* \*

(5) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons;

Appellant's request for discovery was filed nearly five months prior to trial and in disregard of Rule 25.31—now Rule 25.02, which calls for a response within ten days,

the state at approximately five o'clock on the eve of trial filed an amended information endorsing two additional witnesses, advised that appellant had been the subject of an "alcoholic influence report",[2] provided a "breathalyzer operational check list which purported also to indicate a blood alcohol level" and certain admissions to an officer by appellant that he had been drinking beer while taking "valium" and "glycerin" under a doctor's orders.

During oral argument the state readily admitted a failure to comply with the rules pertaining to discovery because the volume of traffic offenses to be processed—several thousand each year—did not allow an adequate time to do so. However, in an obvious effort toward a degree of fairness, it had been the state's practice to allow defense counsel to check the state's file of his particular case. Whatever merit might be found in such a practice, it failed in this instance simply because defense counsel's examination thereof evidenced an absence of the materials heretofore noted.

As said in State v. Cobb, 444 S.W.2d 408 (Mo. banc 1969), at 415: "This court seeks to discourage delay in endorsing the names of additional witnesses but recognizes that late endorsements must sometimes be permitted if they can be made without prejudice to the defendant's rights. * * * The trial court has a broad discretion in permitting the endorsement of the names of additional witnesses on the information or indictment."

In this case, the record reflects that the trial court exercised its "discretion" to the prejudice of appellant's right to assert the best defense possible under the circumstances. For instance, one late endorsed witness brought out admissions of appellant not previously in the state's file—even if the commendable "open-door" policy practiced were to be condoned. Additionally, the witness testified that he held only a Type III Permit for administering the breathalyzer test and that training for the

---

2. The report presumably had been compiled from a Field Sobriety Test which, among other things, required the appellant to (1) recite the ABC's, (2) touch his nose with an index finger while his head was held back, and (3) count 1 to 10 and 10 to 1.

same did not require that he know if the testing machine was working properly. Such training apparently was limited to the Type II and above levels. The potential for challenging such testimony is obvious, and prejudice to appellant's efforts were not removed by a "morning of trial" offer of the trial court for counsel to confer with the new witnesses. Prejudice being so apparent, we need not decide if disregard of the applicable discovery rules alone would mandate reversal. *Cf. State v. Patterson*, 618 S.W.2d 664 (Mo. banc 1981).

■ Second, we consider the instructional problem (failure to inform the jury as to the total range of punishment) asserted by appellant and which was the basis for transfer of the cause to this court; because, the identical question necessarily will arise at any later trial.

Section 557.036.2 provides, in part, that:

The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict. . . .

Section 558.011.1(6) provides that confinement for a class B misdemeanor will be for "a term not to exceed six months"; and, § 560.016.1(2) authorizes a fine "which does not exceed . . . five hundred dollars." Under the instructions now dictated by MAI–CR2d, the jury is not advised of nor given the latter option.

For instance, Instruction No. 5, as given, followed MAI–CR2d 31.02 (Entitled—*Driving While Intoxicated*) and advised the jury that:

If you do find the defendant guilty . . . of driving while intoxicated, *you will assess and declare the punishment at imprisonment* for a term fixed by you, but not to exceed six months.

(Emphasis added.)

More disturbing than the absence of an option for the jury to assess a fine is that portion of the instruction that actually mandates that the jury declare a period of imprisonment.

The problem is two-fold. What if a fine is thought by the jury to be an adequate punishment, or conversely, what if it is thought that both imprisonment and a fine should be assessed? The only answer, regularly challenged as inadequate, must come from MAI–CR2d 2.60, which advises the jury that upon a finding of guilt, the court can (1) impose imprisonment for a term not to exceed that assessed by the jury, (2) assess a fine within the limitations of applicable statutes, or (3) assess both imprisonment and a fine.

The problem is not a novel one as more "doubts" continue to arise in this and other appellate courts with further use of the present plan which severely limits jury participation in the sentencing process.

In *State v. Hunter*, 586 S.W.2d 345 (Mo. banc 1979), consideration was given to a similar problem found in MAI–CR2d 2.04 and we concluded at 349 that: "Perhaps the jury should be informed that its role in sentencing, under some circumstances, is merely advisory. The Committee on Pattern Criminal Charges and Instructions is requested hereby to review the applicable instructions in light of the views set forth in this opinion." More recently, in *State v. Koetting*, 616 S.W.2d 822 (Mo. banc 1981), which involved a similar problem in MAI–CR2d 19.10 we looked to the same committee.

Hopefully, resolution of the challenges made and the doubts thus created can be resolved prior to a retrial of this cause. If not, it is suggested that the applicable paragraph of MAI–CR2d 31.02, heretofore quoted and discussed, be modified to read as follows:

If you do find the defendant guilty . . . of driving while intoxicated, you will assess and declare the punishment at imprisonment for a term fixed by you, but not to exceed six months; or, you may recommend that the court assess a fine in lieu of any imprisonment or in addition to any imprisonment which you may declare.

The modification suggested is adequate for disposition of the instant case and fur-

ther questions can await final action by the committee and this court.

The judgment is reversed and the cause is remanded.

All concur.