STATE of Missouri, Respondent,

v.

Roy F. VAN HORN, Appellant.

No. 62753.

Supreme Court of Missouri,
Division No. 2.

Dec. 14, 1981.

Motion for Rehearing or in the Alternative
Application for Transfer to Court
en banc Overruled
Jan. 12, 1982.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

STOCKARD, Commissioner.

Appellant was found guilty by a jury of forgery in violation of § 570.090.1(4), RSMO 1978, a Class C felony. The jury assessed the punishment at imprisonment for two years, to which sentence the trial court added two years for a total of four years after finding appellant to be a persistent offender.

There is no challenge to the sufficiency of the evidence. A jury reasonably could find that on February 15, 1979, appellant stole a blank check from a checkbook at Andy's Jackson Hoe Bar, made it payable to Harley Ray Gentry for $286, forged thereon the signature of Andy Milbourn, the owner of Andy's Jackson Hoe Bar, and cashed the check at the Central Bank of Kansas City.

Pursuant to Rule 83.02, the Western District of the Missouri Court of Appeals transferred the cause to this Court, and the cause now being before us, we consider it the same as on original appeal.

Appellant asserts that the court erroneously failed to instruct the jury, as required by § 557.036.2 "as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as a part of their verdict."

Section 558.011.1(3) provides that the authorized term of imprisonment for a Class C felony is "a term of years not to exceed seven years." It then provides in subsection 2 that in cases of Class C felonies, "the *court* [1] shall have discretion to imprison for a special term not to exceed one year in the county jail or other authorized penal institution * * *." It further provides that if "the *court* imposes a sentence of imprisonment for a term longer than one year upon a person convicted of a class C * * * felony" the court shall commit the person to the custody of the division of corrections for a term of years not less than two years and not exceeding the maximum authorized in subdivision (3) of subsection 1 of § 558.011, which as noted above is seven years. Section 560.011 provides that a person who has been convicted of a Class C felony "may be sentenced (1) to pay a fine which does not exceed five thousand dollars; or (2) If the offender has gained money or property through the commission of the crime, to pay an amount, *fixed by the court*, not exceeding double the amount of the offender's gain from the commission of the crime," and not exceeding $20,000. Section 560.026 contains guidelines for the *court* in the assessment of a fine.

It thus appears that the jury may declare a punishment, which in reality is but a recommendation to the court, consisting of imprisonment for a term not to exceed seven years. We say this declaration is a recommendation because the *court* may, in its discretion, substitute for the punishment declared by the jury a term of imprisonment in the county jail, or a term of imprisonment by the department of corrections different from but not greater than that declared by the jury. In addition, the *court*

may, in its discretion, impose a fine in lieu of, or in some cases in addition to, the imprisonment determined by the jury.

Instruction No. 8 followed MAI–CR2d 24.20.4, and it told the jury: "If you do find the defendant guilty of forgery, you will assess and declare the punishment" at "imprisonment in the division of corrections for a term of years fixed by you, but not less than two years and not to exceed seven years," or "imprisonment in the county jail for a term fixed by you, but not to exceed one year." [2] It said nothing about a fine.

Instruction No. 11, followed MAI–CR2d 2.60, and "further instructed" the jury that "if you find the defendant guilty of forgery as submitted in Instruction No. 8, the court may, under the law, sentence the defendant to either:

"1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or

"2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or

"3. Both such imprisonment and the payment of such a fine.

"In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you."

Instructions 8 and 11 followed the appropriate MAI–CR2d pattern instructions promulgated by this court. Appellant contends, however, that these pattern instructions do not comply with the statutes, because, he argues, the jury was not instructed as to the range of punishment authorized by statute in that the jury was not instructed what fine could be imposed "thereby prohibiting the jury from assessing and declaring a fine." Appellant then asserts that

1. All italics within quotations have been added.

2. Section 558.011.2 places the option of imposing a sentence of a special term in the county

jail not to exceed one year in the court and not in the jury.

this is mandated by § 557.036.2 which provides: "The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilty to assess and declare the punishment as a part of their verdict, * * *."

The provisions in § 557.036 that the court shall instruct the jury as to the "range of punishment" and that the jury shall "assess and declare the punishment as a part of their verdict" were enacted at the same time as the provisions in other sections which place in the court, and not the jury, the option to impose imprisonment for a "special term," and to sentence the defendant to pay a fine. It is obvious, however, that the jury cannot declare as part of their verdict a punishment not determined by them and which is not to be determined by the court until after the jury verdict is rendered. Therefore, the provisions are in conflict.

■■■ The primary rule of statutory construction in a situation such as this is to ascertain and give effect to the legislative intent. In doing so the entire legislative act must be considered and all provisions must be harmonized if reasonably possible. Every word, clause, sentence, and section of an act must be given some meaning unless it is in conflict with the ascertained legislative intent. *McCord v. Missouri Crooked River Backwater Levee District of Ray County*, 295 S.W.2d 42, 45 (Mo.1956); *State ex rel McKittrick v. Carolene Products Co.*, 346 Mo. 1049, 144 S.W.2d 153 (1940). It is obvious that the Legislature intended that the jury should have the option to declare as punishment a term of imprisonment within the stated limits, but it is equally obvious that the Legislature intended that the court should have the option to substitute therefor, within the stated limits, a

term of imprisonment different from that assessed and declared by the jury, and that the court, in its discretion and under statutory guidelines, should have the option to impose a fine in addition to or in lieu of a term of imprisonment within the specified limitations. Therefore, the phrase in § 557.036.2 that the jury shall "assess and declare the punishment as a part of their verdict" must necessarily refer only to the punishment which the jury is authorized by statute to determine and declare. As we have construed the sections under consideration, a workable plan results for the role of the jury and of the court to perform their statutorily designated functions in the imposition of sentences. As construed the statute does not mandate the impossible requirement that the punishment imposed by the court after the verdict has been rendered must be contained in that verdict.[3] We find no merit to this point.

■■■ As noted above the statutes and the procedural rules of this court in effect at the time of the trial of this case did not require that the jury be instructed that it could recommend the imposition by the court of a fine. However, the procedure to be followed in the determination and imposition of punishment within the legislatively prescribed limits is subject to guidance by this Court by rule and by decision. In *State v. Hunter*, 586 S.W.2d 345 (Mo.banc 1979), this Court stated that perhaps the jury should be instructed that "its role in sentencing, under some circumstances, is merely advisory," and in *State v. Blake*, 620 S.W.2d 359 (Mo.banc 1981), this Court set forth a modification of MAI–CR2d 31.12 to the effect that the jury could "recommend that the court assess a fine in lieu of any imprisonment or in addition to any imprisonment" which it might declare.

---

**3.** In *State v. Blake*, 620 S.W.2d 359 (Mo.banc 1981), this Court noted that in *State v. Hunter*, 586 S.W.2d 345 (Mo.banc 1979), the court stated that "Perhaps the jury should be informed that its role in sentencing, under some circumstances, is merely advisory," and a request was made that the Committee on Pattern Criminal Charges and Instructions review the applicable instructions. This request was renewed in *State v. Blake*, and in that case a modification

was set forth "for disposition of [that] case." We note that the recommended modification did not meet the issue of the need to instruct the jury of the range of punishment in the form of a fine. The conclusion reached in this case concerning the respective roles of the jury and court in the imposition of punishment results in that modification being applicable to the *Blake* case only.

■ Appellant's specific complaints on this appeal are answered by the ruling set forth above. But in order to instruct the jury more fully, they should also be instructed that they may recommend to the court that it impose a fine within the statutory limits in lieu of or in addition to any term of imprisonment they may declare. It is therefore suggested that until the Committee on Pattern Criminal Charges and Instructions takes further action in this matter, MAI–CR2d 2.60 should be modified in similar cases to add thereto a fourth subparagraph reading as follows:

"4. In addition, you may recommend that the court assess a fine in lieu of any imprisonment or in addition to any imprisonment which you may declare. The maximum fine which the court may impose is $_____ [or an amount not exceeding double the amount of defendant's gain from the commission of a crime]."

Appellant next asserts that he is entitled to have the judgment reversed because the trial judge, who had been disqualified upon an application for change of judge, overruled appellant's application for a continuance.

The case was pending before Judge Marsh, who disqualified himself upon appellant's request and transferred the case to Division No. 17 which was presided over by Judge Levitt. The case was docketed for trial in the week beginning October 15. Appellant moved for a continuance for one month, and Judge Marsh, who was sitting on special assignment in Division No. 17 overruled appellant's motion. The case proceeded to trial before Judge Levitt on October 16 and 17.

■ Appellant correctly asserts that a disqualified judge has no further power to act in a case, except to transfer it to another judge. *Hontz v. State*, 574 S.W.2d 522 (Mo.App.1978). Therefore, the action of Judge Marsh in overruling the motion for a continuance was a nullity. Appellant, however, cannot complain. He proceeded to trial before Judge Levitt without renewing his motion, and without protesting the action of Judge Marsh in overruling his re-

quest for a continuance. In order to be heard on appeal he must have renewed his motion for a continuance before Judge Levitt. *State v. Smith*, 59 S.W.2d 722 (Mo.App. 1933); *State v. Blitz*, 171 Mo. 530, 71 S.W. 1027 (1903). This point is without merit.

Appellant also asserts that the court erred in extending his term of imprisonment two years beyond the two years assessed by the jury, for a sentence of imprisonment for a total of four years.

Appellant argues that under Instruction No. 11, patterned after MAI–CR2d 2.60 and set out above, the jury was told that the court might sentence him to either, "1. Imprisonment for a term fixed by the court, *but not to exceed the term assessed and declared by the jury in its verdict * * *.*" Appellant further argues that having so instructed the jury the court erred in adding two years to appellant's sentence as a persistent offender pursuant to § 558.016 RSMo. He asserts in his brief: "Had the jury known that the court could impose a sentence greater than that assessed, it may well have assessed a term in the county jail." As previously noted, in our opinion the option to impose a sentence of imprisonment in the county jail lies only with the court and not with the jury, notwithstanding the language contained in MAI–CR2d 24.20.4. Therefore, the jury could not have "assessed a term in the county jail," or if it had purported to do so, at most it would have been a nonbinding recommendation.

■ The *court* might have reduced the basis sentence declared by the jury to a term in the county jail. Or the *court*, regardless of the punishment declared by the jury's verdict, might have extended the term by more than two years under the persistent offender statute. These possibilities being open, we cannot say there was any prejudice to appellant by the misinformation given to the jury by Instruction No. 11. See *State v. Johnson*, 615 S.W.2d 450 (Mo.App.1981), and *State v. Washington* 623 S.W.2d 567 (Mo.App.1981).

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the court.

WELLIVER, P. J., and HIGGINS and SEILER, JJ., concur.

## ON MOTION FOR REHEARING

PER CURIAM.

In his motion for rehearing or in the alternative to transfer to the Court en banc, appellant contends we did not consider his contentions, made for the first time in a supplemental brief, that Exhibit No. 5 did not show that he was "adjudged to be convicted" of the prior offense of obtaining money by false pretenses, one of the prior felonies to authorize the finding that appellant was a persistent offender, and that the Exhibit did not show appellant to have been represented by counsel. These contentions were not preserved for appellate review, but appellant asks they be reviewed as a matter of plain error resulting in manifest injustice. Rule 29.12(b).

Exhibit No. 5 does not contain a copy of the judgment entered, but it does contain a copy of the committment in which appears the statement that appellant pleaded guilty of the offense charged and was sentenced to be confined and imprisoned for a specific term. Appellant made no challenge to correctness of this statement. Without a challenge the trial court was authorized to find that appellant had been convicted of the offense of obtaining money by false pretenses.

■ A prior conviction may not be used to enhance punishment if that conviction was constitutionally invalid because the defendant was denied the right to counsel. *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); *State v. Alberts,* 519 S.W.2d 562 (Mo.App.1975). But in this case there is no affirmative showing that appellant was not represented by counsel when he entered a plea of guilty to obtaining money by false pretenses, and appellant offered no evidence that he was denied counsel. In the cases relied on there was an affirmative showing that the defendant was not represented by counsel in the earlier convictions. That is not the case here.

■ Even if it should be shown that Exhibit No. 5 should not have been received in evidence, its admission did not result in "manifest injustice" to appellant. There were two other unchallenged prior convictions of more recent vintage that were admitted. Because of them the court could have assessed an extended term up to 15 years. It added only two years.

There is no showing of manifest injustice within the meaning of Rule 29.12(b), and the point in the supplemental brief is without merit.

Appellant's motions for rehearing and in the alternative to transfer the cause to the Court en banc are overruled.