STATE of Missouri, Respondent,

v.

James E. MOLAND, Appellant.

No. 62994.

Supreme Court of Missouri,
Division No. 2.

Jan. 12, 1982.

Appellant's Motion for Rehearing or in the
Alternative for Transfer to Court en
banc Denied Feb. 9, 1982.

Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

ELLEN S. ROPER, Special Judge.

Charged as a persistent offender, appellant was tried to a jury and found guilty of stealing without consent in violation of Section 570.030, RSMo 1978; punishment was assessed at three years imprisonment. Thereafter the trial court, pursuant to Section 558.016, RSMo 1978, extended appellant's sentence to six years imprisonment and entered judgment accordingly. An appeal was taken to the Western District of the Missouri Court of Appeals.

The Western District transferred the cause to this Court under Rule 83.02 because Instructions No. 5 (MAI–CR2d 24.02.-1) and No. 6 (MAI–CR2d 23.22.2 and 2.05) failed to inform the jury that assessment of a fine was an authorized punishment in addition to or in lieu of confinement and had an issue in common with prior cases transferred to this Court.

We consider this cause as on an original appeal. Appellant charges the trial court with reversible error in: 1) failing to give MAI–CR2d 2.60; 2) failing to inform the jury in Instructions No. 5 and No. 6 that a fine was within the range of punishment; 3) using the term "automobile" in Instruction No. 6 instead of the word "van"; 4) defining the terms "stealing" and "tampering" in Instruction No. 7; and 5) failing to make "specific findings" as to the existence of a basis for imposition of a sentence in excess of that assessed by the jury. For the reasons stated herein we affirm.

The sufficiency of the evidence to sustain the conviction is unquestioned. The State's evidence would permit a jury to find beyond a reasonable doubt that on the 7th day of February, 1979, appellant appropriated a Chevrolet van belonging to Mid West Typewriter Company without its consent and with the purpose to permanently deprive Mid West Typewriter Company of its van.

■ Appellant's first four points charge error in the court's instruction of the jury. These points of error are not preserved for appellate review, appellant having failed to object at the time the instructions were given or in his Motion for New Trial. *State v. Holt*, 592 S.W.2d 759, 776 (Mo. banc 1980). Rules 28.03 and 29.11(d).[1] We are therefor beseeched to review these points under the "plain error" rule. An appellate court may consider plain error when the court finds that "manifest injustice or miscarriage of justice" would result from the error. Rule 30.20.[2] Appellant concedes that for instructional errors to rise to the level of "plain error", the trial court must have so misdirected or failed to instruct the jury as to cause "manifest injustice". *State v. Murphy*, 592 S.W.2d 727, 733 (Mo. banc 1979); *State v. Fletcher*, 598 S.W.2d 523, 525 (Mo.App.1980). The determination of whether plain error exists must be based on a consideration of the facts and circumstances of each case. *State v. Sanders*, 541 S.W.2d 530, 533 (Mo. banc 1976).

■ The first claim of plain error is the trial court's failure to give MAI–CR2d 2.60.[3] The "Notes on Use" at paragraph 2 require:

"Unless clearly provided otherwise, MAI–CR 2.60 (with modifications in certain cases as directed in Other Notes on Use herein) must be given in connection with the submission of each count of every case in which the defendant is a person and in which the court submits at least one class C or D felony or one class A, B, or C misdemeanor..."

Instruction No. 5 submitted stealing, a class C felony, and Instruction No. 6 submitted tampering, a class A misdemeanor. Even though the giving of MAI–CR2d 2.60 was mandatory, the failure to give it did not result in the jury's misdirection because the instruction is advisory rather than directory and did not empower the jury to assess a lesser punishment than the verdict directing instruction. Furthermore since appellant was charged as a persistent offender and sentenced after hearing under the provisions of Section 558.016, RSMo., the trial court was not bound by the jury's assessment of punishment and could impose a greater sentence than that assessed by the jury. Section 557.036, 3(2), RSMo. Thus in the case at bar the failure to give MAI–CR2d 2.60 has not resulted in "manifest injustice or a miscarriage of justice".

■ Appellant's second point alleges plain error in the Court's failure to inform the jury in the verdict directing Instructions Nos. 5 and 6 that imposition of a fine in addition to or in lieu of confinement was within the range of punishment.

Section 557.036.2 provides that:

"The Court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to

1. Designated as Rules 20.03 and 27.20(a) in 1979 when this cause was tried.

2. Designated as Rule 27.20(c) on the date of appeal.

3. You are further instructed that if you find the defendant guilty (under Count _____) of (name of offense) as submitted in Instruction No. _____, the court may, under the law, sentence the defendant to either:
  1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or
  2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or
  3. Both such imprisonment and the payment of such a fine.
  In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instructions given to you.

assess and declare the punishment as part of their verdict..."

■ Instruction No. 5 submitted felony stealing, a class C felony. Section 570.030, RSMo; MAI–CR2d 24.02.1. The range of punishment for a class C felony is two to seven years in the division of corrections, up to one year in the county jail or other authorized penal institution, a fine not to exceed Five Thousand Dollars or double the amount of the offender's gain from the commission of the crime, not to exceed Twenty Thousand Dollars. Sections 558.-011.1(3), 558.011.2, and 560.011.1(1) and (2), RSMo. However only the court has authority to fix the special term in the county jail or other authorized penal institution and likewise only the court has authority to fix a fine upon conviction of a class C felony. *State v. Van Horn,* 625 S.W.2d 874 (Mo. 1981).

The pertinent section of Instruction No. 5 reads as follows:

"If you find the defendant guilty of stealing without consent, you will assess and declare the punishment at:

1. Imprisonment in the division of corrections for a term of years fixed by you, but not less than two years and not to exceed seven years, or;

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year".

Instruction No. 6 submitted tampering in the second degree, a class A misdemeanor, Section 569.090, RSMo; MAI–CR2d 23.22.2 and 2.05. The range of punishment for a class A misdemeanor is up to one year in the county jail or authorized penal institution or a fine not to exceed One Thousand Dollars or double the amount of gain from the commission of the offense, not to exceed Twenty Thousand Dollars. Sections 558.011.1(5), 558.011.3(2), 560.016.1(1) and 560.016.2, RSMo. The court, not the jury, has authority to impose a fine in lieu of or in addition to a term of imprisonment. *State v. Van Horn, supra; State v. Koetting,* 616 S.W.2d 822, 828 (Mo. banc 1981).

The pertinent section of Instruction No. 6 reads:

"... If you do find the defendant guilty of tampering in the second degree, you will assess and declare the punishment at imprisonment for a term fixed by you, but not to exceed one year."

■ Appellant conjectures that had the jury been instructed on the full range of punishment it might have assessed a less stringent punishment, perhaps a fine without a term of imprisonment, and thus a "manifest injustice" has occurred. The appellant ignores the fact that his status as a persistent offender permitted the trial court to impose a sentence in excess of that assessed and declared by the jury. Section 557.036.3(2), RSMo. The jury's imposition of a fine would not limit the trial court's ability to impose a term of incarceration and would thus be advisory only. *State v. Hunter,* 586 S.W.2d 345, 348 (Mo. banc 1979); *State v. Koetting, supra.*[4] Appellant's second allegation of plain error is rejected.

■ In his third point, appellant claims error in the use of the term "automobile" in Instruction No. 6 when referring to the vehicle as opposed to the use of the term "van" in Instruction No. 5 when referring to the vehicle. Appellant claims the jury could not have found him guilty of tampering because the evidence referred to the vehicle as a "van" and not an "automobile". The term "automobile" is the "general name adopted by popular approval to denote all forms of self-propelled vehicles for use on the highways and streets." *Michigan Mutual Liability Co. v. Stallings,* 523 S.W.2d 539, 542 (Mo.App.1975). We do not find that Instruction No. 6 misdirected the jury or confused the jurors as to whether the vehicle stolen or tampered with was one and the same.

■ Appellant's fourth point is directed at Instruction No. 7 which defined the

**4.** See also, *State v. Blake,* 620 S.W.2d 359, 361 (Mo. banc 1981) which reaffirms the advisory nature of jury sentencing in certain cases and which may be distinguished from the case at bar.

terms "stealing" and "tampering". The Notes on Use regarding MAI–CR2d 24.02.1 (Instruction No. 5) do not require or permit the definition of the term "stealing". The Notes on Use Regarding MAI–CR2d 23.22.2 (Instruction No. 6) do not require or permit the definition of the term "tampering". Definitions of a term, word or phrase are not to be given unless expressly required or permitted by the appropriate Notes on Use. *State v. Abram*, 537 S.W.2d 408, 410 (Mo. banc 1976); MAI–CR2d 33.00 Notes on Use, Paragraph 8. Although there is error in giving the definitions of "stealing" and "tampering", the definitions are not erroneous. The definition of "stealing" as used in Instruction No. 7 is MAI–CR2d 33.01 and follows Section 570.030.1, RSMo. Likewise, the definition of "tampering" as used in Instruction No. 7 is MAI–CR2d 33.01 and follows Section 569.010(7), RSMo. We hold the error in giving Instruction No. 7 is not prejudicial and thus not plain error.

Appellant's fifth and final point contends the court was without jurisdiction to impose a greater term than that imposed by the jury because the court failed to make specific findings as to the existence of the basis for such an extended term prior to imposing its sentence. Appellant did not challenge the specificity of the trial court's findings at the sentencing hearing, on allocution, or in his Motion for New Trial.

As previously noted, appellant was charged as a persistent offender. The trial court was empowered to sentence appellant to an extended term if he were found to be a "persistent offender". Section 558.016.1, RSMo 1978. The statutory definition of a "persistent offender" is "one who has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode". Section 558.016.2, RSMo 1978.

The procedure required before an extended term may be imposed is set forth in Section 558.021.1(1), (2), and (3), RSMo 1978:

"1.  The court shall not impose an extended term under Section 558.016 unless:

(1) The indictment or information, original, amended or in lieu of an indictment, pleads all essential facts warranting imposition of an extended term; and

(2) After a finding of guilty or a plea of guilty, a sentencing hearing is held at which evidence establishing the basis for an extended term is presented in open court with full right of confrontation; and

(3) The court determines the existence of the basis for the extended term and makes specific findings to that effect . . ."

It is undisputed that the requirements of Section 558.021.1(1) and (2), *supra*, have been met. Appellant in his argument before this court acknowledges the evidence presented at the sentencing hearing established the basis for imposing an extended term and we so find from the record below.[5] At the conclusion of the sentencing hearing the trial court found:

"The enhanced punishment is assessed at a total of six years, being the three years assessed by the jury, and an additional three years . . ."

Sentence was subsequently imposed in accordance with the court's finding. We find that the trial court had jurisdiction over the subject matter and the defendant, and that the trial court's finding, however deficient, was supported by substantial and uncontroverted evidence. The sentence and judgment is not void. *Dittmeier v. Mo. Real Estate Comm.*, 316 S.W.2d 1, 6 (Mo. banc 1958), *cert. denied*, 358 U.S. 941, 79 S.Ct. 347, 3 L.Ed.2d 348.

If the judgment is erroneous, it must be reviewed as "plain error". We do so *ex gratia*. Although the finding of the court does not comply with the procedural requirement of Section 558.021.1(3), *supra*,

---

5.  Certified copies of Sentence and Judgment of prior, unrelated felony convictions were admitted and are contained in the record on appeal.

manifest injustice or a miscarriage of justice has not occurred because the evidence before the trial court supports the finding beyond a reasonable doubt that appellant had been previously convicted of two felonies, committed at different times and not related to the instant crime. *State v. Franklin*, 547 S.W.2d 849, 852 (Mo.App. 1977). Point five is denied.

Judgment is affirmed.

WELLIVER, P. J., HIGGINS and SEILER, JJ., REINHARD, Special Judge, concur.