STATE of Missouri, Respondent,

v.

Roy BRADFORD, Appellant.

No. 62996.

Supreme Court of Missouri,
Division No. 2.

Feb. 9, 1982.

Peter N. Sterling, Acting Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

ELLEN S. ROPER, Special Judge.

Appellant was found guilty by a jury of sexual abuse in the first degree, a Class D felony, in violation of Section 566.100, RSMo 1978. The jury assessed punishment at three years imprisonment and the trial court imposed a sentence of three years in the division of corrections.

After appeal to the Western District of the Missouri Court of Appeals, the cause was transferred to this court pursuant to Rule 83.02. We consider this cause as on an original appeal.

Three allegations of error are asserted by appellant: 1) closure of the courtroom throughout the course of the trial; 2) the giving of Instruction Ten (MAI–CR 1.10); and 3) the failure of Instructions Five (MAI–CR2d 20.16.2) and Seven (MAI–CR2d 2.60) to inform the jury that it could impose a fine in lieu of imprisonment.

The sufficiency of the evidence is not challenged. The jury could find beyond a reasonable doubt that on March 4, 1979, appellant undressed A.S., his eleven year old step-daughter, removed his clothing, rubbed his penis between her thighs while lying on top of her, and ejaculated.

Appellant's first point was not raised in his Motion for New Trial and is not preserved for appellate review. *State v. Wickizer*, 583 S.W.2d 519, 523 (Mo. banc 1979); Rule 29.11(d). Appellant urges our consideration of this point under the "plain error" rule and argues his constitutional right to a public trial was violated. Rules 29.12(b)

and 30.20. Although this claim is waived, we may examine appellant's allegation that his constitutional rights were violated and determine whether the trial court committed plain error by its action. *State v. Wickizer, supra; State v. Henderson,* 510 S.W.2d 813, 822 (Mo.App.1974).

Appellant's first point of error is based upon the following dialogue between the court and counsel at a pre-trial conference:

"... MR. WHEELER: The defense—the Court indicated previously that he intends to close the courtroom. The defense would object to that. The defendant is entitled to have a open trial and closing the courtroom precludes the defendant from exercising that constitutional right.

THE COURT: All right. The record should reflect that I am going to order that the courtroom be closed for the protection of the prosecuting witness, the victim in this crime, alleged crime, being a female, eleven, twelve years of age and it being a sexual abuse charge. The nature of the suit is such that the witness is entitled to be protected and her interests not being exposed to ridicule and publicity are, in my opinion, more important than opening the courtroom to curiosity seekers and the public.

Mr. Wheeler, if the defendant has any friends or relatives that desire to be here, if you will clear that through me, a reasonable number of people will be allowed to be in the courtroom on his behalf, but curiosity seekers and simply (sic) strangers and on-lookers are not going to be permitted in the courtroom.

MR. WHEELER: The basis of the defense's objection is that no basis has been established that there is a possibility of any curiosity seekers or others being in the courtroom and no basis has been provided by the prosecution in order to support their request that the courtroom be closed.

THE COURT: Well, Mr. Wheeler, you misunderstand me. I'm doing this on my own motion. I determine what will happen in the courtroom, not the prosecution ..."

After the pre-trial conference was concluded in chambers, trial proceeded in open court without further reference to closure. William C. Jenson, Dalton Gregory, and Delbert Gibson testified in open court as the State's first three witnesses.

The victim, an eleven year old girl, was examined by the court in chambers on the record with both counsel present to determine her competency to testify. Appellant's objections to her competency were overruled. Thereafter the child, A.S., testified in open court. At the close of the State's case, Frances Ensley, Donna Fletcher, and Roy Bradford testified in open court for the defense. At no point during the trial did appellant object that closure had occurred.

■ Appellant's first point is unsupported by the record and without a basis in fact. We therefore will not render an advisory opinion on the issue of whether or not it is constitutionally permissible for a trial court to exclude certain spectators from the courtroom during a young victim's testimony about a sex crime. *Matter of Estate of Van Cleave,* 574 S.W.2d 375, 376 (Mo. banc 1978). Point One is ruled against appellant.

In his second point appellant contends that:

"The trial court erred in inquiring of the jury whether 'the issue unresolved is the punishment' and in submitting to the jury after it replied 'no' Instruction No. 10, 'the hammer,' because the inquiry and the Instruction coerced the guilty verdict in that the jury could infer from them that the trial court believed there should be no disagreement on the issue of guilt."

The jury had been deliberating for more than two and a half hours when it sent a note to the court stating it was unable to reach a verdict. Thereafter, the jury was returned to open court and the following colloquy ensued between the Court and jury foreman:

"THE COURT: Ladies and Gentlemen, I would like to first know who is your

foreman? All right. Ma'am, without stating how the vote is I want to know on your last ballot what the split is, that is the number on one side and the number on the other side without knowing which way it is.

VENIREMAN: Seven five.

THE COURT: All right. Would you also tell me whether or not the issue that is unresolved is the punishment?

VENIREMAN: No, it is not.

Instruction Ten was read to the jury and it returned a verdict of guilty one hour later.

Appellant did not object to the court's inquiry at the time it was made, in chambers during the instruction conference regarding the giving of MAI–CR2d 1.10, or in his Motion for New Trial. Appellant did object to the giving of Instruction Ten on the basis

> [T]hat instruction is being given out of time separate from the other instructions . . . and by giving that instruction at this time the State and the Court would be in essence devising (sic) to the jury and telling the jury that this particular instruction has more weight than the other instructions. If the State devises (sic) or desires to give the instruction the defense feels it should be given at the time all the other instructions are given.

This objection was renewed in appellant's Motion for New Trial.

Point Two is deficient in two respects. It alleges as error a statement of the trial court neither objected to at trial nor raised in the Motion for New Trial. *State v. Gant*, 490 S.W.2d 46, 49 (Mo.1973). Additionally the alleged instructional error raised in the Motion for New Trial differs from the error asserted on appeal. *State v. Coleman*, 441 S.W.2d 46, 52 (Mo.1969).

We do examine Instruction Ten[1] under the plain error doctrine to determine if manifest injustice has occurred. *State v. Mitchell*, 611 S.W.2d 223, 226 (Mo. banc 1981).

■ We have approved the text of Instruction Ten and its use after extended deliberations by the jury. *State v. Broadux*, 618 S.W.2d 649, 651 (Mo. banc 1981). Rule 27.02(n) (formerly Rule 20.02(a); MAI–CR2d 1.10. The determination to give MAI–CR2d 1.10 rests in the sound discretion of the trial court. *State v. Broadux, supra.* On the facts of this case, we hold the trial court did not abuse its discretion and thus manifest injustice has not occurred. Point Two is overruled.

Appellant's third and final point alleges plain error in Instructions Five and Seven for their failure to inform the jury that a fine in addition to or in lieu of imprisonment was an authorized sentence. Having failed to raise this issue in his Motion for New Trial, appellant acknowledges that plain error does not result in the giving of instructions unless the court has so misdirected the jury or failed to instruct the jury on the law of the case to cause manifest injustice. *State v. Mitchell, supra; State v. Murphy*, 592 S.W.2d 727, 733 (Mo. banc 1979). Rules 28.03 and 29.11(d).

Instruction Five[2] submitted sexual abuse in the first degree, a class D felony. Section 566.100, RSMo 1978; MAI–CR2d 20.-16.2. The term of imprisonment for a class

---

1. Instruction Ten

It is desirable that there be a verdict in every case. The trial of a lawsuit involves considerable time and effort, and the parties are entitled to have their rights determined once and for all in every case. The twelve jurors chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. Open and frank discussion by you in your jury room of the evidence in this case may aid you in agreeing upon the facts; however, no juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be untrue. Yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict.

2. Instruction Five

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about the 4th day of March, 1979 in the County of Jackson, State of Missouri, the defendant was not married to A.S., and

Second, that at that time and place the defendant subjected A.S. to sexual contact, and

D felony is two to five years in the division of corrections. Sections 558.011.1(4) and 558.011.2, RSMo 1978. The Court may, in its discretion, impose a special term of one year in the county jail or other authorized penal institution or may, under certain circumstances, impose a fine. *State v. Van Horn*, 625 S.W.2d 874 (Mo.1981). Sections 558.011.2, 560.011.1, 560.011.2, and 560.026, RSMo 1978.

In compliance with the notes on use, the trial court gave MAI–CR2d 2.60 as Instruction Seven.[3] As previously noted the jury assessed a term of three years in the division of corrections.

The thrust of appellant's argument is that the court failed to instruct the jury on the full range of punishment as required by Section 557.036, RSMo 1978. Appellant then speculates that had the jury been instructed that they had the option to fine as well as to imprison, a fine rather than a prison term would have been imposed.

■ Appellant's argument ignores the plain language of Sections 560.011 and 560.-026, RSMo, that the court, not the jury, has the option to impose a fine, taking into consideration certain statutory guidelines. *State v. Van Horn, supra.* A jury verdict assessing a fine would have been advisory and not binding on the court. *State v. Van Horn, supra.*

It has been noted that perhaps the jury should be informed that it could recommend a fine in lieu of a term of imprisonment to the Court. *State v. Blake*, 620 S.W.2d 359, 361 (Mo. banc 1981); *State v. Koetting*, 616 S.W.2d 822, 828 (Mo. banc 1981); *State v. Van Horn, supra.* In the instant case, the trial court could have imposed a fine in lieu of the jury's sentence had it deemed a fine appropriate. *State v. Van Horn, supra.* We do not find plain error in the trial court's failure to instruct the jury that it might make a non-binding recommendation that a fine be imposed in lieu of imprisonment. Point Three is overruled.

The judgment is affirmed.

WELLIVER, P. J., HIGGINS, J., and REINHARD, Special Judge, concur.

SEILER, J., concurs in result.

---

Third, that A.S. was then less than twelve years old, then you will find the defendant guilty of sexual abuse in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty of sexual abuse in the first degree, you will assess and declare the punishment at:

1. Imprisonment in the division of corrections for a term of years fixed by you, but not less than two years, and not to exceed five years, or

2. Imprisonment in the county jail for a term fixed by you, but not to exceed one year.

3. 			Instruction Seven
You are further instructed that if you find the defendant guilty of sexual abuse in the first degree as submitted in Instruction No. 5, the court may, under law, sentence the defendant to either:

1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict, or

2. The payment of a fine, the amount of which would be determined by the court in accordance with applicable statutes, or

3. Both such imprisonment and the payment of such a fine.

In your deliberations your duty is to determine whether the defendant is guilty or innocent, and, if you find him guilty, to assess and declare the punishment as directed in other instruction given to you.