**STATE of Missouri, Respondent,**

v.

**Darrell R. SHEPHARD, Appellant.**

No. 33266.

Missouri Court of Appeals,
Western District.

Aug. 31, 1982.

George M. Ely, Ely & Goddard, Hamilton, for appellant.

James A. Broshot, Pros. Atty., Caldwell County, Kingston, for respondent.

Before KENNEDY, P. J., and WASSER-STROM and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a judgment entered in accord with jury conviction for the offense of operating a motor vehicle while intoxicated, a class B misdemeanor, in violation of § 577.010 R.S.Mo.1978. The judgment is affirmed.

Two points are presented which charge the trial court erred (1) in admitting breathalyzer test results because of an insufficient foundation for such evidence, and (2) in submission of an instruction for failure of said instruction to instruct the jury as to the full range of punishment, as required by § 557.036(2), R.S.Mo.1978.

The pertinent facts from which the jury could have reached its verdict are as follows: On January 20, 1981, appellant was operating his motor vehicle eastbound on U. S. Highway 36, approximately two miles east of the junction of Route 13 in Caldwell County. Appellant was stopped by a trooper of the Missouri Highway Patrol. The trooper observed an odor of alcohol about the person of appellant. The trooper also observed applicant was unsteady on his feet and spoke in a slurred fashion. Appellant was arrested and transported to Kingston, Missouri. The trooper requested appellant take a breathalyzer test and appellant complied. The test was performed on a Model 900 machine. Subsequent to the test, the trooper issued a uniform traffic ticket to appellant, charging appellant with operation of a motor vehicle while intoxicated, in violation of § 557.010 R.S.Mo.1978. The proceedings were filed in the Associate Circuit Court. Appellant moved to disqualify the associate circuit judge and requested a trial by jury. Both requests were granted.

Trial commenced August 12, 1981. Respondent called only the trooper. Prior to the testimony of the trooper, respondent, without objection, introduced a copy of 13 C.S.R. 50–140.010 through 12 C.S.R. 50–140.060. These documents were portions of the rules for "Determination of Blood Alcohol by Breath Analysis", as promulgated by the Missouri Division of Health. The trooper then testified to the circumstances leading to appellant's arrest. The trooper testified that, in administering the breathalyzer test, he used a checklist. It was established that the checklist was prepared by the Missouri Department of Health. The trooper stated that he used such a checklist and then testified as to the procedures he followed in administering the test. The checklist was admitted over appellant's objection. The trooper then testified over objection that the test revealed appellant to have a blood alcohol level of .18.

Evidence for appellant included testimony of another trooper who stated on January 30, 1981, that the particular testing machine was not operating properly. He also testified that the same machine had been tested in December 1980 and was found to be working properly.

Another witness, one Kenneth Sandee, was called on behalf of appellant. Over respondent's objection, Sandee was permitted to testify to appellant's character for truthfulness in the community. On cross-examination, this witness testified he met applicant some 3–4 months after this offense. He also testified he had never found, ".... anything detrimental in any dealings (with appellant)".

Appellant testified on his own behalf. He stated at the time of the offense he was recovering from a broken collar bone. He stated he was, on the day before the offense, taking tetracycline for a cold. Appellant testified that the night of the offense he had gone to night school and after school had "three or four beers" at a local tavern. Upon leaving, he headed home on 36 Highway. Appellant stated the trooper stopped him and during their conversation he admitted to having been drinking. The test was administered, after appellant was permitted to contact one Maurice Robinson (otherwise unidentified on the record) who advised the appellant to take the test.

Appellant stated he felt he was not intoxicated. On cross examination, appellant admitted consuming 3 or 4 beers. He stated he left the local tavern about 11:30 p. m. after his earlier arrival between 9:00/9:30 p. m. Appellant also stated the medicine he had taken for his cold contained no instructions prohibiting the consumption of alcohol.

The evidence closed. The jury returned its verdict and the court imposed a sentence of 30 days confinement in the county jail and a fine of $250.00. The jury verdict read, "We assess and declare the punishment at not more than 30 days and fine". This appeal followed the overruling of a timely filed motion for new trial.

Under point (1) appellant charges the court erred in admitting the results of the breathalyzer test because there was no proper foundation layed for the admission of same. Specifically, appellant contends the court erred in admitting the written results of the test and the oral testimony of the results by the trooper because although the trooper testified he followed the checklist in conducting the test and used two test ampoules in preparing the machine for the test, there was no evidence he used a reference ampoule, as required by the checklist. Appellant argues this case is controlled by *State v. Preston,* 585 S.W.2d 569 (Mo.App. 1979), and *State v. Bush,* 595 S.W.2d 386, 388 (Mo.App.1979). Appellant's reliance upon *Preston* is misplaced. The court in *Preston* declared the use of the checklist "appears to be only procedural matter to insure compliance with the rules laid down by the Department of Health" ... Id. at 571. Nor does *Bush* aid appellant since this court in *Bush* declared ".... the regulations as such and the officer's particular familiarity with them need not be proven in every case". Id. at 388. We also observed in *Bush* that "Introduction in evidence of a checklist approved by the Division of Health and testimony that the procedures there defined were followed is a sufficient foundation to allow admission of the results of the test in evidence." Id.

In the instant case, the trooper was questioned and testified he followed "set procedures" established by the Missouri Department of Health. The trooper stated he used the authorized checklist. As near as this court can determine from appellant's argument, he is arguing that 13 C.S.R. 50–140.060(2)(A) requires the use of a "reference" ampoule. On the checklist, the word "test" is used in reference to the ampoule. A review of both the regulation and the checklist clearly shows the words "reference" and "test" are used in the same context, meaning the ampoule is to be utilized for the express purpose of checking the accuracy of the machine.

■ The evidence upon this record reveals the trooper did not deviate from the

requisite procedures in administering the test. The evidence herein brings this case within *Bush* upon a showing that a proper foundation was laid, see *State v. Crowell,* 560 S.W.2d 889 (Mo.App.1978) and *State v. Cook,* 530 S.W.2d 38, 40 (Mo.App.1975).

There is no merit to point (1) and it is ruled against appellant.

Under point (2) appellant charges the court erred in the submission of an instruction for failure to instruct the jury on the full range of punishment. The challenged portion of the instruction reads as follows:

".... If you find the defendant guilty of driving while intoxicated, you will assess and declare the punishment for a term fixed by you, but not to exceed six months."

Appellant contends the instruction does not advise the jury that the assessment of a fine was an authorized punishment in addition to or in lieu of confinement, as is required by § 557.036.2 R.S.Mo.1978. That particular section reads:

"The court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment as part of their verdict...."

This issue has been before our state Supreme Court on prior occasions. Appellant challenges the above instruction and contends the instant case comes within the rule set forth in *State v. Blake,* 620 S.W.2d 359, 361 (Mo.banc 1981). Appellant correctly acknowledges the challenged introduction was mandated by MAI–CR2 31.02, but argues for reversal under the ruling in *Blake.* The Supreme Court in *Blake* found the instruction inadequate and remanded the case for retrial. Since *Blake,* however, our state Supreme Court has handed down three additional decisions on the issue. These are *State v. Van Horn,* 625 S.W.2d 874 (Mo. 1981); *State v. Moland,* 626 S.W.2d 368 (Mo.1982), and *State v. Bradford,* 627 S.W.2d 281 (Mo.1982). *Moland* and *Bradford* followed the rule in *Van Horn. Van Horn* holds it is not error for the trial court not to instruct the jury that it could impose a fine. The court in *Van Horn* reasoned as

regards the respective roles of the court and jury regarding sentencing, that a declaration of punishment by the jury is but a recommendation to the court and in quoting language from *State v. Hunter,* 586 S.W.2d 345 (Mo. banc 1979) that the jury should be instructed that "its role in sentencing under some circumstances is merely advisory." The *Van Horn* decision also quoted from *Blake* that "a modification of MAI–CR2 31.12 to the effect that the jury could recommend that the court assess a fine in lieu of any imprisonment or in addition to any imprisonment".

This court further observes that our state Supreme Court in *Van Horn* construed the "modification" in *Blake* was limited to the disposition of the *Blake* case. The court in *Van Horn* went further by indicating that until the Committee on Pattern Criminal Charges and Instructions takes further action on the issue, there should be added a fourth paragraph to the instruction which would instruct the jury that they may recommend the imposition of a fine in lieu of or in addition to the imposition of a term of imprisonment. There is nothing in *Van Horn* nor the subsequent decision in *Moland* and *Bradford* which holds the rule therein is to be applied retroactively so as to apply to cases tried before those decisions. The same rule was announced in *State v. Hill,* 628 S.W.2d 361, 363 (Mo.App.1981).

It is this court's conclusion that the rule announced in *Van Horn, Hill, Moland,* and *Bradford* controls the instant case as opposed to the rule in *Blake.* There was no error in the instructions, as submitted herein. Point (2) is ruled against appellant.

The judgment is affirmed.