STATE of Missouri,
Plaintiff-Respondent,

v.

Al Junior WILKERSON,
Defendant-Appellant.

No. 12890.

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1983.

John B. Newberry, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HOGAN, Judge.

A jury found defendant Al Junior Wilkerson guilty of first-degree deviate sexual assault, as defined and denounced by § 566.070.1, RSMo 1978, upon the person of a 14-year-old stepdaughter. That jury assessed defendant's punishment at confinement in the Greene County jail for a period of one year and recommended assessment of a fine of $5,000. The court sentenced defendant to serve the sentence and to pay the fine. Defendant appeals.

On April 7, 1980, the defendant "picked [the victim] up from school" and drove her to Carthage, where defendant was building a new engine for his racing vehicle. The two stayed in Carthage about two hours; it was "getting dark, or starting to get dark" when they left to go home. When the two were almost home, defendant asked the victim if she would drive, and "pulled off on a farm road."

Thereafter, according to the prosecutrix:

A. He said that I could drive if I did what he wanted me to do.

Q. And what did he want you to do?

A. He wanted me to masturbate him until he reached a climax.

Q. Now, what was your response?

A. I started crying and begged him not to make me.

\* \* \* \* \* \*

Q. And what did he say or what did he do?

A. He told me I was going to drive and he laid down in the seat and pulled me down with him.

Q. And as he pulled you down in the seat with him what were you doing?

A. I was crying and fighting and trying to get away from him.

\* \* \* \* \* \*

Q. And as this was going on what, if anything, did the defendant do with respect to his clothing?

A. He undid his pants and pulled them part way down.

Q. And what happened then?

A. He made me touch him until he reached a climax.

Q. Where did you have to touch him?

A. On his penis.

\* \* \* \* \* \* ,

Q. And what part of your body did you touch him with?

A. My hands.

Q. What was your hand on?

A. What was my hand on?

Q. Yes.

A. His penis.

Q. And how did your hand happen to be there?

A. He placed it there.

Section 566.070.1 provides in terms that: "A person commits the crime of deviate sexual assault in the first degree if he has deviate sexual intercourse with another person to whom he is not married and who is incapacitated or who is fourteen or fifteen years old."

Section 566.010.1(2) defines "deviate sexual intercourse" as "any sexual act involving the genitals of one person and the mouth, tongue, hand or anus of another person."

■ Paragraph four of the comment upon § 566.010 makes it clear that inadvertent touching of the genitals of another is not "sexual contact," but positively states that sexual assault includes causing another person to touch the defendant, as well as defendant's touching another. The testimony of the pathic was not inherently contradictory or such as to leave the court "clouded with doubt." The evidence supports the judgment of conviction. Cf. *State v. Johnson,* 595 S.W.2d 774, 776 (Mo.App.1980).

We should note that the defendant has not questioned the sufficiency of the evidence; that aspect of the case has been briefly considered only because it bears on the assignments of error briefed in this court.

Counsel has briefed two points. They overlap, but may be considered separately. The substance of defendant's first point is that Instructions No. 5 and No. 7 were in conflict concerning the punishment which might be imposed. Instruction No. 5 followed MAI–CR.2d 20.12.2 prior to its modification by order dated December 15, 1982, effective June 1, 1983. Instruction No. 7 followed former MAI–CR.2d 2.60, modified as suggested by our Supreme Court in *State v. Van Horn,* 625 S.W.2d 874, 878[6] (Mo. 1981). MAI–CR.2d 2.60 was withdrawn by the same order which modified MAI–CR.2d 20.12.2.

■ When this assignment is read carefully, it is apparent that the defendant has raised the very issue considered and resolved in *Van Horn,* even though the verdict-director in this case involves a different statute. Inasmuch as we are firmly bound by the decisions of our Supreme Court, we must hold that any misinformation conveyed by Instructions No. 5 and No. 7 was not prejudicial to the defendant.

Defendant's second point is so generally stated it is difficult to follow. As presented, defendant's complaint is that the trial court took the position it could either follow the jury's recommendation and assess a $5,000 fine or might impose that fine "without regard to the applicable statutes." Although we are sure counsel has not intended to mislead the court, this argument misstates the record.

■ The jury found defendant guilty of deviate sexual assault in the first degree and *recommended* a fine of $5,000. Their

verdict was proper and responsive in light of Instruction No. 7, modified as suggested in *Van Horn,* 625 S.W.2d at 877–878. However, the court did not, as defendant suggests, "blindly [follow] the jury's recommendation." It exercised that discretion with which it was invested by § 560.026.-3(2). There was evidence adduced at the trial from which the court could have found that the defendant had sexually abused the victim a number of times over a period of years. At a presentence hearing, the court specifically found and stated it was of "the opinion that a fine [was] uniquely adapted to the deterrence of [this] type of offense ... [and] to the correction of the defendant." So, it is apparent that the court followed the guideline set out as § 560.026.-3(2). There was neither a failure to follow statutory criteria nor an abuse of discretion.

■ Although the defendant has argued that the sentencing procedure followed in the trial court deprived him of due process and equal protection of the laws, that argument was not presented to the trial court and is not cognizable for the first time on appeal. *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 36[12] (Mo. banc 1982), appeal dismissed —— U.S. ——, 103 S.Ct. 711, 74 L.Ed.2d 942 (1983); *Collector of Revenue v. Parcels of Land, etc.,* 517 S.W.2d 49, 55[11] (Mo.1974); *Young v. Smith By Burke,* 648 S.W.2d 916, 919[6] (Mo.App.1983). If it were necessary to discuss this indefinite assignment, it may be said abstractly that "[t]here is no violation of due process or equal protection when the [trial] court gives weight to ... legitimate factors such as deterrence of future crimes, isolation of the offender from society and 'accountability of an individual for his anti-social deeds' ...." *United States v. Moss,* 631 F.2d 105, 107 (8th Cir.1980).

There is no error of any order in any respect briefed in this court; accordingly, the judgment is affirmed.

MAUS, P.J., and PREWITT, J., concur.