**STATE of Missouri, Plaintiff-Respondent,**

v.

**Wade WITZKE, Defendant-Appellant.**

No. 13319.

Missouri Court of Appeals, Southern District, Division One.

July 2, 1984.

John D. Ashcroft, Atty. Gen., Robert Swearingen, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John L. Woodward, Woodward, Rohrer & Mazzei, P.C., Steelville, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Wade Witzke, was jury-convicted of first degree assault, § 565.050, RSMo 1978, and sentenced to 15 years' imprisonment in accordance with the jury's recommendation.

The sufficiency of the evidence is not questioned. It suffices to say that there was evidence presented to the jury that Witzke, while engaged in an argument with an adversary of long standing, Carl Lee Jones, pulled out a .22 caliber pistol and pointed it at Jones. Jones started running, and Witzke started shooting. Several shots were fired at Jones, but, fortunately, Witzke's aim did not match his desire to do great bodily harm.

Jones escaped unscathed and called the highway patrol. Sergeant Hoffman came to the scene, where Witzke was eventually disarmed and arrested. At the time of the arrest, Witzke was, according to Hoffman, "a little bit inebriated ... and excited ... and irrational."

Instructions submitted to the jury included Instruction No. 6, which reads—

"In determining whether or not the person acted under the influence [of] extreme emotional disturbance for which there is a reasonable explanation or excuse, the reasonableness of the explanation or excuse must be determined from the viewpoint of an ordiniary [sic] person in the defendant's situation and under the circumstances as the defendant believed them to be.";

No. 7, the pertinent part of which reads—

"If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 22, 1982, in the County of Phelps, State of Missouri, the defendant attempted to kill or cause serious physical injury to Carl Lee Jones by shooting at him with a firearm, and

Second, that the defendant did not act under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, as submitted in Instruction No. 6, and

Third, that at the time of the act the defendant did not reasonably or unreasonably believe the circumstances to be such that, if they existed, would justify his use of force in lawful self-defense, as submitted in Instruction No. 12,

then you will find the defendant guilty of assault in the first degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.",

No. 9, which reads—

"If you find and believe from the evidence beyond a reasonable doubt that the defendant committed the acts contained in Instruction No. 7 and, further, that the defendant acted under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, as submitted in Instruction No. 6, then you will find the defendant not guilty of assault in the first degree.",

and No. 4 which reads—

"The fact that the defendant has been charged with an offense is not evidence, and it creates no inference that any offense was committed or that the defendant is guilty.

The defendant is presumed to be innocent unless and until, during your deliberations upon your verdict, you find him guilty. This presumption of innocence places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty.

If the evidence in this case leaves in your mind a reasonable doubt as to the defendant's guilt (on any Count charged against him) you must return a verdict of 'Not Guilty' (on that Count)."

Witzke's sole point relied on is that the trial court erred in giving Instruction No. 9 because the instruction "shifted the burden of proof to appellant on a mitigation that would have in effect reduced the charge to assault in the second degree."

 No objection was made by defendant to any of the instructions mentioned here at time of trial, or in his motion for new trial. By such failure to object, Witzke has not preserved the alleged error for our review. *State v. Moland*, 626 S.W.2d 368, 370 (Mo.1982). Plain error review under Rule 30.20, V.A.M.R., is not justified, as we do not find any manifest injustice or miscarriage of justice resulting from giving the instruction in question.

We do not believe that a fair reading of Instruction No. 9 results in an inescapable conclusion that it required Witzke to prove that he was suffering from emotional distress, rather than requiring the state to prove that he was not so suffering, in order to justify the first degree assault conviction.

In fact, the challenged instruction follows the mandate of Notes on Use 5 to MAI-CR2d 19.02 regarding the fact that the trial court must give a separate instruction directing a verdict of not guilty of first degree assault if the jury finds that defendant was suffering from an extreme emotional disturbance for which there was a reasonable explanation, or excuse at the time of the assault in question, which Instruction No. 9 did. Instruction No. 4 places the burden on the state to prove Witzke guilty beyond a reasonable doubt. The instruction must be considered as a whole. Defendant's assumption that Instruction No. 9 placed the burden of proof on him on the issue in question has no merit. We find no error, plain or otherwise, in the giving of Instruction No. 9.

Judgment affirmed.

FLANIGAN, P.J., and TITUS, J., concur.

CROW, J., concurs in result and files opinion.

CROW, Judge, concurring in result.

I agree that the judgment should be upheld, but I would base affirmance on the ground that the assigned instructional error was not preserved for review and that, on the record here, plain error review is unwarranted, as no manifest injustice or miscarriage of justice is shown to have resulted from Instruction 9. It is unnecessary to decide whether Instruction 9 misplaced the burden of proof as to extreme emotional disturbance, and I would forgo comment about that.