STATE of Missouri, Respondent,

v.

Alfred McINTOSH, Appellant.

No. WD 34669.

Missouri Court of Appeals,
Western District.

May 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 3, 1984.

**54**

Joseph H. Locascio, Sp. Public Defender, John M. Torrence, Asst. Sp. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PRITCHARD, Presiding Judge.

By the verdict of a jury, appellant was found guilty of commission of the crime of stealing over $150.00. The court, upon proof that appellant was a prior offender, sentenced him to seven years imprisonment in the Division of Corrections.

The property taken was said by appellant to have been lying outside an abandoned building, which property consisted of old sinks, an old chair, a tool box, lead pipe, a water meter, and other miscellaneous items. He believed it to be junk which he and his companion could haul away and dispose of it, hence, his defense of mistake of fact. No question is presented as to the value of the property.

On June 22, 1982, police officer, Louise Large, was dispatched at 9:19 p.m. to the building at 926 Brooklyn to investigate a prowler call. On her arrival a short time afterward, she saw a 1974 Ford Torino parked in the street in front of the building. The trunk lid was open and there were sinks and other items in it, and an old brown chair tied to the trunk lid. As Large approached, the Ford started to pull away, and she stopped it just the other side of 10th Street. The driver identified himself as appellant, and his passenger was identified as Samuel Martin. The two informed Large that they had found the property lying beside the abandoned building at 926 Brooklyn in the vacant lot. Appellant stated to officer Large that he knew it was wrong to take the items.

Barbara Erickson and her husband, owners of Midland Services, were in the process of remodelling the building at 926 Brooklyn. She was called by the police to come to the building and identify the property a little before 10:00 p.m. On arrival she identified some sinks (said by her to be antique), a chair, a lamp, and a tool box with tools in it which belonged to her husband. A radio belonged to Larry Heistand, the caretaker of the building. The last time she saw the sinks they were installed in the building. According to her, neither appellant nor Martin had permission to take the property.

On October 11, 1982, the day before trial began, the state notified appellant's counsel that it intended to ask leave of court to endorse Larry Heistand as an additional witness, to which appellant objected and moved to exclude Heistand's testimony because of the late endorsement. At the pre-trial hearing, the prosecutor informed the court that he had learned of the witness only the previous Friday, and contacted appellant's counsel the following Monday, followed by a letter. The state told the court what Heistand's testimony would be—that he was the caretaker, and he saw the property taken from the building in place the morning of the date it was taken. Appellant asked for a continuance, which was denied, but he was given the opportunity to talk to Heistand before trial, which his counsel did for a few minutes before trial. The trial court's ruling on the issue of failure to exclude the testimony or to grant a continuance is raised in Point I.

At the trial, Heistand testified that he was the maintenance man for the building owned by the Ericksons, and that about 7:00 a.m. and 6:30 p.m., on June 22, 1982, he checked 926 Brooklyn, and found the stolen sinks intact inside the building, which was secure. He found the back door broken on the evening of June 22, 1982.

Many of the cases say that a late endorsement of additional witnesses must sometimes be permitted if they can be made without prejudice to the defendant's rights. *State v. Strawther*, 476 S.W.2d 576, 579 (Mo.1972), and cases cited. It is

also there said that in the exercise of the court's discretion, many factors may be taken into consideration: whether the state intended surprise or acted deceptively or in bad faith, with intention to disadvantage defendant [here, the state informed the court that it did not know of the witness Heistand until the Friday before the trial began on Tuesday, October 12, 1982, and promptly notified defense counsel of his existence the following Monday, so there is no deception or bad faith]; whether in fact defendant was surprised and suffered any disadvantage; and whether the type of testimony might readily have been contemplated.

Neither the state nor appellant knew of witness Heistand before the state's discovery of him. His production as a witness was certainly *in fact* a surprise to appellant, and certainly his testimony could not have been contemplated, i.e., discovered, prior to that time, because he was unknown.

What is the most important consideration in this case is the prejudice, or disadvantage, to appellant by permitting the late endorsement of witness Heistand, occasioned to appellant because of lack of opportunity to investigate the facts surrounding the regular inspections of the building by Heistand, including that testified by him on June 22, 1982; his credibility as a witness, and his general background. The prejudice is further pointed up by the fact that Heistand's testimony tends to refute, contradict or deprecate appellant's version of the occurrence—that he found the items allegedly stolen abandoned as apparent junk in the lot adjacent to the building (the heart of his defense), where, as Mrs. Erickson testified, it was a common dumping ground for the area. Mrs. Erickson further testified that the items taken were in the building the last time she saw them, the date thereof not being revealed. Thus, by the admission of Heistand's testimony, the result of the trial could have been affected. See *State v. Estes*, 631 S.W.2d 121, 122[1, 2] (Mo.App.1982), stating, "It is an abuse of discretion to fail to impose a sanction only where the admittance of the evidence results in a fundamental unfairness to defendant; the notion of fundamental unfairness is to be measured by whether the evidence or the discovery thereof would have affected the result of the trial." See also *State v. Blake*, 620 S.W.2d 359, 360 (Mo. banc 1981), where a late endorsed witness brought out admissions of appellant not previously in the state's file, and the witness testified that he held only a Type III permit for administering the breathalyzer test, which did not require that he know if the testing machine was working properly, which eliminated a potential for challenging the testimony, which was not removed by a "morning of trial" offer of the trial court for counsel to confer with the new witnesses. In this case, the trial court abused its discretion in not granting, at the least, a continuance to appellant to prepare for trial and to meet the testimony of the new witness, thus to present the *best defense* possible under the circumstances. *Blake*, supra, p. 360. This requires reversal and remand for new trial, and there is no necessity to consider other points presented.

The judgment is reversed and the case is remanded for new trial.

All concur.