STATE of Missouri, Respondent,

v.

Martin L. SPENCER, Appellant.

No. 23918.

Missouri Court of Appeals,
Southern District,
Division One.

June 15, 2001.

222

Nancy A. McKerrow, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Jefferson City, for Respondent.

MONTGOMERY, Judge.

Martin L. Spencer (Defendant) was convicted by a jury of the class A felony of assault in the first degree. § 565.050.[1] The trial court sentenced Defendant to thirty years' imprisonment in the Missouri Department of Corrections.

Defendant raises five claims of trial court error. However, he does not challenge the sufficiency of the evidence to sustain his conviction.

We view the evidence in the light most favorable to the verdict. *State v. Crawford,* 32 S.W.3d 201, 204 (Mo.App.2000). Viewed in that light, the evidence adduced at trial shows that Defendant began dating the victim, Teresa Land, in January 2000. Land moved into Defendant's trailer home in early March. On April 5, 2000, Defendant assaulted Land by beating her with his fist and kicking her with his steel-toed boots.

Land was eventually transported to the emergency room at Cox Monett Hospital

---

1. Statutory references are to RSMo 1994, unless otherwise indicated.

in a critical condition. Land was treated for severe cuts and bruising. She also suffered a collapsed lung and intra-abdominal injuries.

We first address Point II as it is dispositive of this appeal. That point states:

The trial court erred and abused its discretion in denying [Defendant's] requests for continuance or mistrial or to exclude the 911 tape and the statement of Wilma Spencer because those rulings denied [Defendant] his constitutional rights to due process and effective assistance of counsel guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and by Article I, §§ 10 and 18(a) of the Missouri Constitution in that the State's failure to disclose the written statements of Paul and Wilma Spencer, the 911 tape, the ambulance reports, photographs taken at the trailer where the victim had been found, Brandon Stephens' report, and a laboratory report concerning comparisons of a hair found on [Defendant's] boot to hairs taken from the victim until the morning trial began, or during trial resulted in fundamental unfairness which could only be remedied by giving the defense the time necessary to prepare its defense in light of this evidence, or by not permitting the State to use the evidence against [Defendant].

The State does not argue that the above-mentioned evidence was timely disclosed. Rather, the State contends that the trial court's remedies for untimely disclosure were sufficient enough to give Defendant a fundamentally fair trial.

On May 26, 2000, Defendant filed a request for discovery in the exact form allowed by Rule 25.03. The trial commenced on September 7, 2000.

The primary object of the discovery process is to permit the defendant an opportunity to prepare in advance of trial and avoid surprise. *State v. Kilgore*, 771 S.W.2d 57, 66 (Mo. banc), *cert. denied*, 493 U.S. 874, 110 S.Ct. 211, 107 L.Ed.2d 164 (1989). "The discovery rules seek to foster informed pleas, expedited trials, a minimum of surprise and the opportunity for effective cross-examination." *State v. Wells*, 639 S.W.2d 563, 566 (Mo. banc 1982). The rules of criminal discovery are not "mere etiquette," nor is compliance a matter of discretion. *State v. Luton*, 795 S.W.2d 468, 477 (Mo.App.1990).

Rule 25.16 enumerates allowable sanctions for discovery rule violations. Those sanctions include (1) requiring disclosure of requested material, (2) granting a continuance, (3) exclusion of evidence, or (4) entry of other appropriate orders. In this case, the trial court did not grant Defendant's requested continuance and did not exclude the evidence discussed below.

The remedy for a violation of the discovery rules is within the sound discretion of the trial court. *Kilgore*, 771 S.W.2d at 66. A trial court's denial of a requested sanction is an abuse of discretion only where the admission of the evidence results in fundamental unfairness to the defendant. *State v. Royal*, 610 S.W.2d 946, 951 (Mo. banc 1981). "Fundamental unfairness occurs in discovery violation cases when the State's failure to disclose results in defendant's genuine surprise at learning of an unexpected witness or evidence and the surprise prevents meaningful efforts by the defendant to consider and prepare a strategy for addressing the state's evidence." *State v. Johnston*, 957 S.W.2d 734, 750 (Mo. banc 1997).

On April 5, 2000, Paul and Wilma Spencer, Defendant's parents, returned to their mobile home and found Land on the floor badly beaten. Defendant was also pres-

ent. Paul Spencer called 911 and requested an ambulance. The State failed to timely disclose written statements of the parents. Wilma Spencer's statement revealed that Defendant accused his father of having sex with Land after his parents found him with Land in their mobile home.

After the jury was selected, but before opening statements, Defendant's counsel obtained the undisclosed statements of Defendant's parents. The trial court allowed defense counsel to interview Defendant's parents before the trial resumed as a remedy for the untimely disclosure of their statements. Although Wilma Spencer was not endorsed as a State witness, she did testify in the State's case-in-chief in accord with her written statement.

Defendant offered evidence that he did not assault Land. His evidence tended to show she was assaulted by another person at another place and brought to Defendant's parents' home.

■■■ The State's failure to disclose the name of a testifying witness violates Rule 25.03. *State v. Whitfield,* 837 S.W.2d 503, 507 (Mo. banc 1992). Thus, the State should have disclosed Wilma Spencer as a witness and produced her statement long before trial.[2] For this type of discovery violation the trial court must "tailor the remedy to alleviate harm to the defense from the failure to disclose." *Id.*

Wilma Spencer was a key State witness who provided evidence that Defendant had a motive to assault Land. Her testimony dealt a blow to Defendant's evidence that another person committed the assault and also corroborated Land's credibility and accuracy that Defendant was her attacker.

Clearly, Defendant was surprised by his mother's testimony and was not prepared to counter evidence that he had a motive

to attack Land. The State's discovery violation prevented any meaningful efforts by Defendant to prepare a strategy for addressing this motive evidence. We face the determination of whether the trial court tailored the appropriate remedy for the State's unexplained failure to name Wilma Spencer as a witness and produce her written statement.

In *Whitfield,* the Supreme Court reversed a first degree murder conviction for a discovery violation which prejudiced the defendant. There, the State failed to disclose Officer George, the State's firearm's expert, as a witness and failed to disclose a coat worn by the victim when he was shot. The trial court attempted to remedy the violation by allowing defense counsel to talk with Officer George before his testimony and by allowing the defense to examine the coat. 837 S.W.2d at 507.

Officer George linked the gun found at defendant's home to the murder. The coat corroborated an eyewitness's testimony that defendant fired shots into the victim who was wearing the coat in question. The credibility of this witness was "the center of the defense's attack on the State's case." *Id.* at 507–08. In deciding this case, the Supreme Court said:

The surprise introduction of this evidence probably prejudiced defendant. The jury probably inferred that the holes in the coat were from the bullets fired during the murder of [victim], and, therefore, that [eyewitness] was at least telling the truth about bullets passing through the coat.

*Id.* at 508.

In sustaining defendant's point, the court noted that the maximum harm from a continuance would have been the selection of a new jury. *Id.* Finally, the Court determined that allowing the coat into evi-

2. Paul Spencer was endorsed as a State witness, but he did not testify.

dence had a strong potential to mislead the jury as to the appropriate weight given the coat. *Id.*

*Whitfield* illustrates that the defendant's trial in that case was fundamentally unfair under the circumstances because the trial court failed to grant a continuance. The instant case differs little from *Whitfield* because the circumstances in both cases indicate an abuse of discretion in denying a continuance.

First, the introduction of the motive evidence in this case probably prejudiced Defendant because he had little time to consider and prepare a strategy for addressing the surprise motive evidence. Second, the motive evidence corroborated Land's credibility and accuracy which was the center of Defendant's attack on the State's case. The jury probably inferred that no third person assaulted Land because Defendant alone had a motive for attacking her.

Here, as in *Whitfield,* the maximum harm from granting the requested continuance would have been the selection of the new jury. Therefore, we hold that Defendant's trial was fundamentally unfair, and the trial court abused its discretion in denying a continuance for discovery violations involving Wilma Spencer's testimony. The remaining discovery violations require no discussion in view of the result we have reached.

Defendant's other four claims of error are unlikely to occur during Defendant's new trial. Therefore, those points are not addressed.

The judgment of conviction is reversed. The cause is remanded for new trial.

PARRISH, P.J., and SHRUM, J., concur.